KIKUE NIMURA JETTER, DOING BUSINESS AS "AKASAKA INN," APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

283 N. W. 2d 5

Filed August 21, 1979. No. 42403.

Russell S. Daub, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

MORAN, District Judge.

Jetter appeals from a judgment of the District Court for Douglas County which affirmed an order of the Nebraska Liquor Control Commission canceling her Class C liquor license. We reverse.

Jetter held a Class C liquor license authorizing her to do business at a restaurant-bar in Omaha, Nebraska. Under the automatic renewal provisions in section 53-132, R. R. S. 1943, Jetter paid the registration fee for her license, and the Omaha city clerk published the notice of renewal for the license year beginning November 1, 1976. There were no objections to the renewal and the license was executed by the Commission and delivered to the city clerk for delivery to Jetter upon payment of the requisite fees. § 53-132, R. R. S. 1943. Jetter never paid the fees, and the license remained with the clerk. Jetter never operated the business after the latter part of October 1976. On May 3, 1977, the clerk returned the license to the Commission at its request. On May 20, 1977, the Commission issued an order to Jetter to show cause at a hearing to be held June 1, 1977, why the license should not be canceled "for failure to operate the business." At the hearing it was conceded that Jetter had not operated the business. The Commission found that the license should be canceled and did so effective June 21, 1977. This order was appealed to and affirmed by the District Court, and is before this court for review.

Evidence before the Commission, which was more fully developed in the District Court, established that from early in November 1976 Jetter was in the process of selling the business, but delays due to financing problems had delayed consummation of the sale.

Errors assigned by Jetter are that the decision was contrary to law, it was not supported by sufficient evidence, and it was an abuse of discretion. We need only discuss the first.

The Commission was limited to the issue stated in its notice of hearing sent to Jetter. *J K & J, Inc. v. Nebraska Liquor Control Commission*, 194 Neb. 413, 231 N. W. 2d 694 (1975). Therefore, the question before us is whether the Commission may cancel a license for failure of the licensee to operate the business in the absence of a statute, rule, or regulation authorizing it to do so on that ground.

Nowhere in the Nebraska Liquor Control Act can we find authority for the Commission to revoke or cancel a license except as authorized by statute.

In *Bali Hai', Inc. v. Nebraska Liquor Control Commission*, 195 Neb. 1, 236 N. W. 2d 614 (1975), we upheld a municipal ordinance which called for revocation of a liquor license when the licensee failed to operate the business. We said that a municipality was free to legislate in this area since the Nebraska Liquor Control Act was silent on the question, and the state had not preempted the field by statute or regulation. It has not done so since.

We hold that the act requires proof of violations of statutes or valid regulations before a license may be canceled. §§ 53-117 (2) and 53-118 (1) (d), R. R. S. 1943.

The judgment is reversed and the cause remanded to the Commission with directions to issue a Class C liquor license to Jetter for the current license year provided Jetter then meets all other requirements for the issuance of such a license.

REVERSED AND REMANDED.