NEAL VLASIN, APPELLEE, V. LEN JOHNSON & COMPANY, INC., A
NEBRASKA CORPORATION, APPELLANT.
455 N.W.2d 772

Filed May 25, 1990.    No. 88-434.

J.A. Lane and Tanya L. Dillow, of McGinley, Lane, Mueller, O'Donnell & Williams, P.C., for appellant.

George M. Zeilinger, of Zeilinger Law Office, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The appellant, Len Johnson & Company, Inc. (Johnson), urges this court to reform a covenant not to compete in a management agreement more favorably to its interests than did the district court for Keith County.

Upon a de novo review of the record, we find, as a matter of law, that unreasonable covenants are not enforceable and are not subject to reformation. We affirm the district court in part, reverse in part, and remand with directions.

The basic facts bearing upon the disposition of this matter are not disputed. When neither the terms of a contract nor facts and circumstances demonstrating the intent of the parties are disputed, construction of a contract is a question of law. *Young v. Tate*, 232 Neb. 915, 442 N.W.2d 865 (1989); *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986). Regarding a question of law, the Supreme Court has an obligation to reach a conclusion independent of that reached by the trial court. *Dammann v. Litty*, 234 Neb. 664, 452 N.W.2d 522 (1990).

In the latter part of 1981, appellee, Neal Vlasin, was hired by the Keller-Schwentker Agency, Inc. (Keller-Schwentker), as an insurance salesman. On December 21, 1985, after being promoted to general manager of the agency's Grant, Nebraska, office, Vlasin entered into a management agreement with Keller-Schwentker. Paragraph 7 of the agreement contained a covenant not to compete that provided:

If this Management Agreement is terminated for any reason other than termination by EMPLOYER without just cause, the MANAGER shall not enter into the insurance business within a fifty (50) mile radius of the City of Ogallala, Keith County, Nebraska, for a period of

three (3) years from and after the date of the termination of this agreement; otherwise, this covenant not to compete shall be null and void and of no force and effect.

During the term of his employment, Vlasin was given more responsibility as Keller-Schwentker expanded. At one point, he was assigned 100 percent of the accounts of an agency Keller-Schwentker had purchased. During this same period, Len Johnson was gaining control of Keller-Schwentker, finally attaining total ownership and changing the name of the agency to Len Johnson & Company, Inc., in January 1987.

A number of meetings ensued between Vlasin and Johnson concerning Vlasin's method of compensation, the operation of the Grant office, and Vlasin's duties. On February 15, 1987, Vlasin terminated his employment without notice. On March 11, 1987, Vlasin filed a petition for declaratory judgment asking the district court to declare the rights and duties of the parties under the management agreement and to enjoin Johnson from enforcing the covenant not to compete. On the same date, Vlasin also filed a motion seeking to temporarily enjoin Johnson from enforcing the covenant not to compete. The district court partially sustained Vlasin's motion for temporary injunction, but found that the covenant was too broad in geographic scope and reformed the covenant, effectively barring him from engaging in the insurance business in Perkins County, Nebraska, during the pendency of the matter.

On March 1, 1988, Vlasin filed a third amended petition, in which he alleged that (1) his employment was constructively terminated by Johnson; (2) the covenant not to compete in the management agreement with Johnson was inapplicable, contrary to law, and unenforceable; and (3) Johnson owed him $2,710 in incentive pay and other compensation. Vlasin prayed that the district court declare the rights and duties of the parties under the management agreement, restrain and enjoin Johnson from enforcing the covenant not to compete, and determine the amount of incentive pay he alleged was due.

In its answer, Johnson denied any wrongdoing on its part. In its counterclaim, Johnson asserted that it was damaged when Vlasin allegedly violated the terms of the covenant not to

compete in the management agreement. Johnson asked for judgment against Vlasin in the sum of $158,250. Johnson also prayed that Vlasin be enjoined from entering into the insurance business within a 50-mile radius of Ogallala for a period of 3 years from the date of his termination with Johnson and for such other and further relief as the court deemed just and equitable. As an alternative counterclaim, Johnson, in effect, prayed that should the court find the covenant not to compete was unreasonable and unenforceable, the covenant be reformed.

After a trial, the district court concluded that as evidenced by the covenant not to compete, Johnson had elected its remedy in equity, and denied all its claims for damages. The district court, relying on authority from other jurisdictions, permanently reformed the covenant not to compete and found it reasonable and enforceable as reformed. The court also found that Vlasin had not been constructively discharged from employment and had breached the management agreement by vacating Johnson's office. Vlasin's claim for damages was denied. He has not appealed or cross-appealed that ruling.

Appellant contends the district court erred in holding that it elected its remedy in equity and, therefore, could not collect damages at law, and in denying its claim for damages. Appellant further argues that the district court erred in failing to properly reform the covenant not to compete.

In an appeal from an equity action, the Supreme Court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the Supreme Court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *In re Estate of Widger, ante* p. 179, 454 N.W.2d 493 (1990).

There are three considerations used to test the validity of a partial restraint on trade such as a covenant not to compete:

" 'First, is the restriction reasonable in the sense that it is not injurious to the public; second, is the restriction reasonable in the sense that it is no greater than is reasonably necessary to protect the employer in some

> legitimate interest; and, third, is the restriction reasonable in the sense that it is not unduly harsh and oppressive on the employee.' "

*Polly v. Ray D. Hilderman & Co.*, 225 Neb. 662, 665, 407 N.W.2d 751, 754 (1987) (quoting *American Sec. Servs. v. Vodra*, 222 Neb. 480, 385 N.W.2d 73 (1986)). Because there is no evidence that enforcement of the covenant not to compete will be detrimental to the public, our inquiry will focus on whether the covenant is reasonable in the sense that it is no greater than is reasonably necessary to protect appellant in some legitimate business interest.

An employer has a legitimate business interest in protection against a former employee's competition by improper and unfair means, but is not entitled to protection against ordinary competition from a former employee. *Polly v. Ray D. Hilderman & Co., supra.*

> To distinguish between "ordinary competition" and "unfair competition," courts and commentators have frequently focused on an employee's opportunity to appropriate the employer's goodwill by initiating personal contacts with the employer's customers. Where an employee has substantial personal contact with the employer's customers, develops goodwill with such customers, and siphons away the goodwill under circumstances where the goodwill properly belongs to the employer, the employee's resultant competition is unfair, and the employer has a legitimate need for protection against the employee's competition.

*Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 245-46, 383 N.W.2d 29, 33 (1986).

The record reflects that Vlasin had substantial personal contact with Johnson's accounts and, consequently, he had the opportunity to appropriate customer goodwill. Thus, Johnson had a legitimate business interest in customer goodwill that it could protect through the use of a proper postemployment covenant not to compete. See *Polly v. Ray D. Hilderman & Co., supra.*

However, the fact that Johnson had a legitimate business interest in customer goodwill does not automatically validate its

postemployment covenant not to compete. A covenant not to compete must not be greater than is reasonably necessary before it will be enforced. *Id.* As a general rule, "a covenant may be valid only if it restricts the former employee from working for or soliciting the former employer's clients or accounts with whom the former employee actually did business and has personal contact." *Id.* at 668, 407 N.W.2d at 756.

Here, the covenant not to compete contained in the management agreement between Vlasin and Johnson unconditionally prohibited Vlasin from entering into the insurance business for 3 years within a 50-mile radius of Ogallala. Without deciding whether any other restriction in the covenant was reasonable or unreasonable, we find that because the covenant attempts to restrict Vlasin from soliciting or working with anyone, rather than just Johnson's clients with whom Vlasin did business and had personal contact, it is greater than is reasonably necessary to protect Johnson's legitimate interest in customer goodwill. Thus, the covenant is unreasonable and unenforceable.

In previous cases of this nature, we have declined, for various reasons, to rewrite a covenant not to compete so as to make it "no greater than is reasonably necessary." See, e.g., *Polly v. Ray D. Hilderman & Co., supra; Boisen v. Petersen Flying Serv., supra; Philip G. Johnson & Co. v. Salmen,* 211 Neb. 123, 317 N.W.2d 900 (1982). The district court, relying on *Alside, Inc. v. Larson,* 300 Minn. 285, 220 N.W.2d 274 (1974), and *Follmer, Rudzewicz & Co v Kosco,* 420 Mich. 394, 362 N.W.2d 676 (1984), concluded that reformation of the covenant was proper in this matter. These authorities are not persuasive. It is not the function of courts to reform unreasonable covenants not to compete solely for the purpose of making them legally enforceable. The district court erred in reforming the covenant in this case.

Because the covenant not to compete in the Johnson-Vlasin management agreement is unreasonable and unenforceable, any claim by Johnson for damages allegedly arising from Vlasin's breach of the unenforceable covenant must be denied. Since Johnson alleged only damages it claims arose from the breach of the covenant not to compete, we need not consider

Johnson's remaining assignment of error.

Having reviewed the record de novo, we find that the trial court's reformation of the covenant not to compete in the Johnson-Vlasin management agreement should be and hereby is set aside, that the trial court should be and hereby is directed to enter a declaratory judgment finding that the Johnson-Vlasin management agreement's covenant not to compete is unreasonable and unenforceable, and that the trial court's denial of Johnson's claim for monetary damages should be affirmed. For the reasons stated in this opinion, the trial court's denial of the relief prayed for in Johnson's counterclaims is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.