RUTH M. EGGERS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARNOLD M. EGGERS, DECEASED, APPELLANT, V. DAVID RITTSCHER, PERSONAL REPRESENTATIVE OF THE ESTATE OF ISABELLE L. BARKDOLL, DECEASED, ET AL., APPELLEES.

529 N.W.2d 741

Filed March 31, 1995. No. S-92-951.

Jeffrey L. Stoehr, of Stoehr & Searson, and C.J. Gatz, of Jewell, Gatz, Collins, Fitzgerald & Delay, for appellant.

Douglas J. Stratton, of Gerrard, Stratton & Mapes, P.C.; Richard E. Mueting, of Mueting & Stoffer; Donn K. Bieber, of Otradovsky, Bieber & Westadt; and William G. Dittrick, Carol C. Knoepfler, and Cynthia A. Rismiller, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellees.

HASTINGS, C.J., WHITE, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

Ruth M. Eggers, appellant, sought an injunction and specific performance of an oral contract in the district court for Antelope County. Eggers alleged an oral contract whereby Roy and Isabelle Barkdoll promised to convey a parcel of land to Eggers upon their death. After the Barkdolls died, Eggers initiated this action naming as defendants the personal representative of the estate of Isabelle Barkdoll and certain charitable organizations named in Barkdoll's will as residuary beneficiaries. Eggers sought (1) to enjoin the personal representative from leasing or selling the property, (2) to enjoin the residuary beneficiaries from taking possession of the

property, and (3) to have the defendants deed the parcel to her and have the title quieted in her name. Following a bench trial, the district court denied Eggers the relief she sought. Eggers then appealed to the Nebraska Court of Appeals, which affirmed the judgment of the district court on other grounds. The Court of Appeals affirmed the lower court's judgment for the reason that Eggers' action was a "claim" under the probate code which had not been filed and was now time barred by Neb. Rev. Stat. § 30–2485 (Reissue 1989). *Eggers v. Rittscher*, 94 NCA No. 20, case No. A–92–951 (not designated for permanent publication). Eggers' motion for rehearing was denied, and she petitioned for further review. Contrary to the holding of the Court of Appeals, Eggers' action did not constitute a claim under the probate code and was consequently not time barred. However, because Eggers failed to adduce clear and convincing evidence of the underlying oral contract, the judgment of the Court of Appeals is affirmed.

## BACKGROUND

Eggers alleged an oral contract made in 1952 which provided that in exchange for personal services rendered to Roy and Isabelle Barkdoll during their lifetime, the Barkdolls would transfer ownership of 160 acres of farm ground to the Eggerses at death. Roy Barkdoll died before Isabelle, and the land passed to Isabelle by right of survivorship. Upon Isabelle Barkdoll's death, the land, barring the success of Eggers' claim/cause of action, would transfer by the residuary clause of her will. The residuary beneficiaries in Barkdoll's will are the Masonic Children's Home, the Masonic Home for the Elderly, and Tilden Community Hospital.

Evidence of the terms of the oral contract was provided by the testimony of Eggers and her son. Other independent parties testified about conversations with the Barkdolls in which these parties were led to believe that after the Barkdolls' deaths, title to the land would pass to the Eggerses.

Also in support of her claim/cause of action, Eggers adduced evidence that she and her husband constructed terraces on the property, seeded two sections of the property, built two earthen dams on the property, removed some fences and maintained

others, and kept all proceeds from the government idle acres program in which they enrolled the property. The Eggerses also branded, dehorned, castrated, weaned, and fattened the Barkdolls' calves on the property along with their own.

There was evidence that the Eggerses paid the Barkdolls, on the average, $1,200 to $1,500 each year after the Barkdolls quit raising cattle on the property. The Barkdolls claimed this money as farm or rental income on their tax returns.

## ASSIGNMENT OF ERROR

As summarized, Eggers claims that the Court of Appeals erred in ruling that her cause of action seeking specific performance of an oral contract to convey title to real estate was in fact a "claim" against a decedent's estate and barred by the provisions of § 30–2485.

## STANDARD OF REVIEW

An action to compel specific performance of an oral contract to devise real property by will is equitable in nature and is reviewed by an appellate court de novo on the record. *Matthews v. Matthews*, 215 Neb. 744, 341 N.W.2d 584 (1983); *In re Estate of Layton*, 212 Neb. 518, 323 N.W.2d 817 (1982). In a de novo review, an appellate court reaches a conclusion independent of the trial court; however, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Blue Tee Corp. v. CDI Contractors, Inc.*, ante p. 397, 529 N.W.2d 16 (1995).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Dolan v. Svitak*, ante p. 410, 527 N.W.2d 621 (1995).

## "NONCLAIM" STATUTE

The Court of Appeals held that Eggers failed to show that title was in dispute and that therefore, the action was a "claim" against Isabelle Barkdoll's estate as that term is defined in the probate code at Neb. Rev. Stat. § 30–2209(4) (Reissue 1989). The Court of Appeals also determined that as a claim based on a contract, Eggers had 4 months from the date she received

notice that the will was being offered for probate to file her claim pursuant to § 30–2485. The Court of Appeals dismissed the action as time barred, having determined that Eggers did not file a claim within 4 months of the date she received notice that the will was being offered for probate.

Eggers contends that the Court of Appeals initially erred in determining that her action was a claim. Eggers argues that contrary to the Court of Appeals' holding, her action was not a claim because it involved a dispute over title. Underlying Eggers' assertion is the notion that if title to property alleged to be a decedent's is in dispute, then such action raising the dispute is not a claim. The probate code's definition of the term "claims" supports this contention. Section 30–2209(4) of the probate code defines the term "claims" as follows:

> Claims, in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. *The term does not include* estate or inheritance taxes, *demands or disputes regarding title of a decedent* or protected person to specific assets alleged to be included in the estate.

(Emphasis supplied.)

With respect to this issue, the Court of Appeals stated: "Ruth [Eggers] does not claim that Isabelle did not have title at the time of her death. Rather, the dispute before the court, and as pled, involves whether the Barkdolls breached an oral agreement to transfer this land at Isabelle's death, by will, to the Eggers." *Eggers v. Rittscher*, 94 NCA No. 20 at 5, case No. A–92–951 (not designated for permanent publication).

These statements of the Court of Appeals are not correct. Eggers, in bringing the action for specific performance, has implicitly admitted that Isabelle Barkdoll had legal title at the time of her death. However, by alleging an executory oral contract, Eggers has raised a dispute as to the decedent's title. Under an executory contract for the sale of real estate, equitable title to the premises is conveyed to the vendee. *Kleven v.*

*Brunner*, 229 Neb. 883, 429 N.W.2d 384 (1988). By asserting that an oral contract to convey upon death existed, Eggers has effectively alleged that by the time of Isabelle Barkdoll's death, Eggers had equitable title to the property. One who holds equitable title may bring an action to quiet title. *Sofio v. Glissman*, 156 Neb. 610, 57 N.W.2d 176 (1953). Since equitable title is sufficient for one to bring a quiet title action, it is obviously a sufficient basis to raise a dispute as to title for the purposes of § 30–2209(4). Additionally, in defining the term "claims," § 30–2209(4) does not distinguish between legal and equitable title. We will not read such a distinction into the statute. Absent a clear legislative expression to the contrary, we read § 30–2209(4) to exempt from the definition of "claims" disputes regarding equitable title. The determination of the Court of Appeals that Eggers did not dispute title was therefore incorrect. This error led to the erroneous holding that Eggers' action was a claim. Having determined that Eggers has raised a dispute as to the decedent's title, we hold that Eggers' action is not a "claim" as that term is defined by § 30–2209(4). Because Eggers' action is not a claim, it is not barred by the nonclaim statute. Furthermore, since this action is not a claim, we hold that the district court's exercise of jurisdiction in this equitable action was proper.

## EXISTENCE OF ORAL CONTRACT

Having concluded that the Court of Appeals erroneously determined that Eggers' action was time barred, we must now consider the issue raised by Eggers in her initial appeal: whether the district court properly determined that Eggers failed to prove her claim.

We regard with grave suspicion any claim of an oral contract to convey property at death. *Matthews v. Matthews*, 215 Neb. 744, 341 N.W.2d 584 (1983); *In re Estate of Layton*, 212 Neb. 518, 323 N.W.2d 817 (1982). Such a contract is normally void on its face as violative of the statute of frauds. *Id.* For those reasons, we require one trying to enforce such a contract to prove by clear and convincing evidence the existence of the contract and its terms and that because of partial performance, the agreement is outside the effect of the statute of frauds.

Specifically, a plaintiff must prove (1) an oral contract the terms of which are clear, satisfactory, and unequivocal and (2) that the thing done constituting performance is such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other or different contract. *Id.*

With regard to the proof of the contract and its terms, both Ruth Eggers and her son, Duane Eggers, related the details of a conversation which allegedly took place in the fall of 1952 in the Eggers home. Their respective versions of this conversation were consistent. After Arnold Eggers mentioned his intent to buy the land in question, Roy Barkdoll responded that he would like to buy the land. Both Ruth and Duane Eggers testified that during that conversation, Arnold Eggers and Roy Barkdoll agreed that if Arnold would maintain the land and allow Roy to put some cattle on the land, then after the Barkdolls died, they would transfer it to the Eggerses.

A neighbor of the Barkdolls, Pluma Kee, testified that the Barkdolls told her that Arnold Eggers was caring for the Barkdolls' cattle and that they would one day transfer the land to the Eggerses. Further corroboration was provided by Neil Werkmeister, who rented the land from the Eggerses, and Dean Gaylen, a neighbor of the Eggerses.

In light of this uncontroverted evidence, we find that as Ruth Eggers has alleged, the Barkdolls and the Eggerses did enter into an oral contract to convey the property in question pursuant to the terms alleged. However, with regard to the Eggerses' performance of those terms, we cannot conclude that the performance was referable solely to the contract in question.

There was abundant evidence of maintenance of the land and of the Barkdolls' cattle. The Eggerses seeded many areas to control erosion. The Eggerses terraced part of the land. A fence which divided property owned by the Eggerses and the land in question was removed. Other fences were maintained by the Eggerses. The Eggerses erected two dams on the property to prevent erosion and hold water for cattle. Finally, uncontroverted evidence established that the Eggerses cared for the Barkdolls' cattle. However, there was evidence that the Eggerses made rent payments to the Barkdolls and that the Barkdolls treated the payments as rent. Notwithstanding the

quantity of the evidence, all the above activities could be referable to a rental agreement between the two parties. Eggers has failed to prove by clear and convincing evidence that the maintenance activities undertaken were referable solely to the oral contract to convey and not referable to another contract.

## CONCLUSION

Although the Court of Appeals erred in concluding that this action was a claim and therefore time barred, it did properly affirm the judgment of the district court. As the district court held, Eggers failed to prove the performance undertaken was referable solely to the oral contract to convey. We therefore affirm the judgment of the Court of Appeals affirming the judgment of the district court.

AFFIRMED.

FAHRNBRUCH, J., participating on briefs.
CAPORALE and CONNOLLY, JJ., not participating.