TERRY D. WHITTEN, D.D.S., P.C., DOING BUSINESS AS MIDLANDS DENTAL CENTER, APPELLANT, V. TERRY MALCOLM, D.D.S., APPELLEE.

541 N.W.2d 45

Filed December 29, 1995.   No. S-94-230.

Richard L. Halbert and Michael R. Dunn, of Halbert & Dunn, for appellant.

Gary F. Smolen, of Law Office of Eric W. Kruger, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

This is an equitable action brought by Terry D. Whitten, D.D.S., P.C., doing business as Midlands Dental Center (Whitten), appellant, to enforce the noncompetition terms of an "Employment Agreement" with its former employee, Terry Malcolm, D.D.S., appellee. Whitten requested injunctive relief restraining and prohibiting Malcolm from practicing dentistry directly or indirectly within a 25-mile radius of Falls City, Nebraska, for a period of 1 year. Whitten also sought damages as a result of the alleged breach of contract. The trial court refused to grant the injunction or award damages. Whitten appealed. We removed this case from the Nebraska Court of Appeals' docket under our power to regulate the caseloads of the lower courts.

The only issue presented to this court is whether the noncompetition clause of the employment agreement is enforceable. Upon a de novo review of the record, we find, as a matter of law, that unreasonable covenants are not enforceable and are not subject to reformation. We affirm.

## BACKGROUND

Dr. Terry D. Whitten set up his own dental practice in his hometown of Falls City, Nebraska, in 1971. On June 1, 1991, Malcolm, a recent graduate of dental college, entered into an employment agreement with Whitten. Paragraph 12 of the employment agreement states:

> In consideration of Employer's obligations under this Agreement, Employee agrees and hereby covenants that for one year following the termination of this Agreement, Employee shall not practice dentistry in any form or under any entity, within a 25 mile radius of Falls City, Nebraska and Sabetha, Kansas. The parties agree that the remedy at law for any breach of this Agreement is inadequate, and that Employer shall be entitled to injunctive and other appropriate remedial relief to enforce this covenant. The parties further agree that in the event a court should determine such restrictions to be unreasonable in any respect, it may modify such restrictions as necessary to make them reasonable.

Just prior to the end of the 2–year contract term, Malcolm informed Whitten that he was not going to enter into a new agreement and was going to practice with a competing dentist. On July 6, 1993, Malcolm began practicing with another dentist in Falls City.

On July 14, 1993, Whitten notified Malcolm that his actions were in violation of the terms of the employment agreement. This suit was filed.

## ASSIGNMENTS OF ERROR

Whitten assigns as errors:

1. The trial court erred in denying the temporary injunction.

2. The trial court erred in denying the permanent injunction.

3. The trial court erred in failing to award damages to the Plaintiff–Appellant and against the Defendant–Appellee.

4. The trial court erred in its holding that the injunction should be denied based on the Defendant–Appellee's claim

that the covenant attempts to restrict him from practicing and serving clients other than the clients of the Plaintiff–Appellant.

## STANDARD OF REVIEW

In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *City of Lincoln v. Townhouser, Inc.*, 248 Neb. 399, 534 N.W.2d 756 (1995); *Walker v. Walker Enter.*, 248 Neb. 120, 532 N.W.2d 324 (1995); *Winberg v. Cimfel*, 248 Neb. 71, 532 N.W.2d 35 (1995); *University Place–Lincoln Assocs. v. Nelsen*, 247 Neb. 761, 530 N.W.2d 241 (1995).

When neither the terms of a contract nor facts and circumstances demonstrating the intent of the parties are disputed, construction of a contract is a question of law. *Vlasin v. Len Johnson & Co.*, 235 Neb. 450, 455 N.W.2d 772 (1990); *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986). See *Young v. Tate*, 232 Neb. 915, 442 N.W.2d 865 (1989).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995); *Eggers v. Rittscher*, 247 Neb. 648, 529 N.W.2d 741 (1995).

## ANALYSIS

There are three considerations used to test the validity of a partial restraint on trade such as a covenant not to compete:

" ' "First, is the restriction reasonable in the sense that it is not injurious to the public; second, is the restriction reasonable in the sense that it is no greater than is reasonably necessary to protect the employer in some legitimate interest; and, third, is the restriction reasonable

in the sense that it is not unduly harsh and oppressive on the employee." ' "

*Vlasin*, 235 Neb. at 453–54, 455 N.W.2d at 775–76. Accord, *Polly v. Ray D. Hilderman & Co.*, 225 Neb. 662, 407 N.W.2d 751 (1987); *American Sec. Servs. v. Vodra*, 222 Neb. 480, 385 N.W.2d 73 (1986). There is insufficient evidence in the record to adequately discuss the effect of the noncompetition clause on the public; therefore, we turn to whether the restrictions in the covenant are no greater than are reasonably necessary to protect the employer in some legitimate interest.

In *Boisen*, 222 Neb. at 245–46, 383 N.W.2d at 33, we stated:

Where an employee has substantial personal contact with the employer's customers, develops goodwill with such customers, and siphons away the goodwill under circumstances where the goodwill properly belongs to the employer, the employee's resultant competition is unfair, and the employer has a legitimate need for protection against the employee's competition.

The record shows that Malcolm had the opportunity to abscond with Whitten's goodwill in the form of patients. Therefore, Whitten has a legitimate interest in protecting its existing client base from unfair competition from a former employee. See, *Vlasin, supra*; *Polly, supra.*

As a general rule, a covenant not to compete may be valid only if it restricts the former employee from working for or soliciting the former employer's clients with whom the former employee actually did business and has personal contact. *Polly, supra.*

Here, the covenant not to compete unconditionally prohibited Malcolm from practicing dentistry in any form under any entity for 1 year within a 25–mile radius of two separate cities in two separate states. The record reflects that Dr. Whitten did not treat every individual in the area described in the noncompetition clause. The employment agreement does not attempt in any way to limit itself to Whitten's existing client base.

Without deciding whether any other restriction in the covenant was reasonable or unreasonable, the clause would restrict Malcolm from soliciting or working with anyone in the

described area, rather than just Whitten's clients with whom Malcolm did business and has personal contact. It is therefore broader than is reasonably necessary to protect Whitten's legitimate interest in customer goodwill. See *Vlasin, supra*. By virtue of this overbreadth or overreaching, the clause is unreasonable and therefore unenforceable.

In so finding, it is not necessary to inquire whether the restriction is unduly harsh and oppressive on Malcolm. The only issue presented to this court was whether the restriction was valid. It is not.

Finally, it is not the function of courts to reform unreasonable covenants for the purpose of making them enforceable. *Vlasin v. Len Johnson & Co.*, 235 Neb. 450, 455 N.W.2d 772 (1990).

## CONCLUSION

Because the covenant not to compete in the employment agreement is unreasonable and unenforceable, any claim by Whitten for damages allegedly arising from Malcolm's breach of the unenforceable covenant must be denied.

The judgment of the district court is hereby affirmed.

AFFIRMED.