EDDIE R. NELSON, APPELLEE, V. METROPOLITAN UTILITIES
DISTRICT, A POLITICAL CORPORATION, APPELLANT.
547 N.W.2d 133

Filed May 3, 1996.   No. S-94-528.

Daniel G. Crouchley for appellant.

Waldine H. Olson and Christopher D. Curzon, of Schmid, Mooney & Frederick, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Appellee, Eddie R. Nelson, filed an amended petition in the Douglas County District Court under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1987), against appellant, Metropolitan Utilities District of Omaha (MUD). A house owned by Nelson was destroyed

in an explosion. Nelson alleged that MUD negligently (1) inspected and restored gas service at a residential property owned by Nelson and (2) failed to advise Nelson that there was a deficiency in the gas system. Following a bench trial, the district court entered judgment in favor of Nelson and ordered MUD to pay $26,000 plus court costs.

MUD appealed to the Nebraska Court of Appeals, claiming that the trial court erred in allowing Nelson to testify as to the value of the house and in admitting evidence of insurance. We removed this case to our docket pursuant to our power to regulate the caseloads of the lower courts. We affirm.

## BACKGROUND

Nelson owned a house on Wirt Street in Omaha, Nebraska, which he rented to others. On July 11, 1990, Mark Bell, a senior mechanic with MUD, arrived at the Nelson property to replace a broken water meter. Bell turned on the gas and water to the house.

Seven days later, Michael Foster, an occupant of the property, lit a cigarette lighter and an explosion occurred. The source of the explosion was an uncapped gasline, which had an open valve.

During trial, both sides presented evidence relating to the market value of the house. The MUD appraiser stated that the fair market value was $15,000 and that the replacement value was $28,000. The trial court allowed Nelson to testify that the value of his property was $30,000 to $35,000. Finally, evidence was adduced that the property was insured at a value of $31,800.

## ASSIGNMENTS OF ERROR

MUD alleges the following assignments of error:

1. The trial court erred as a matter of fact and a matter of law and abused its discretion in allowing the opinion of Eddie Nelson regarding the fair market value of the real estate at 3827 Wirt Street without adequate foundation.

2. The trial court erred as a matter of fact and law in that plaintiff failed to prove, by expert testimony or otherwise, the fair market value of the property.

3. The trial court was clearly wrong in finding that the fair market value of the real property damaged was $26,000.00.

4. The trial court finding of damages in the amount of $26,000.00 was contrary to the evidence and not supported by substantial evidence.

5. The trial court erred in allowing the introduction of evidence of insurance, both oral evidence and Exhibit 36 "Proof of Loss", objected to by defendant.

## STANDARD OF REVIEW

In actions brought pursuant to the Political Subdivisions Tort Claims Act, the findings of the trial court will not be disturbed on appeal unless they are clearly wrong, and when determining the sufficiency of the evidence to sustain the judgment, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *McIntosh v. Omaha Public Schools*, ante p. 529, 544 N.W.2d 502 (1996); *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Whitten v. Malcolm*, ante p. 48, 541 N.W.2d 45 (1995); *Lee Sapp Leasing v. Catholic Archbishop of Omaha*, 248 Neb. 829, 540 N.W.2d 101 (1995); *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995); *Eggers v. Rittscher*, 247 Neb. 648, 529 N.W.2d 741 (1995).

## ANALYSIS

In its assignments of error, MUD does not contest the trial court's finding of liability on its part. The assignments of error can be divided into two sections: (1) the admission of the testimony of the property owner as to value and (2) the admission of evidence of insurance.

MUD argues that the trial court erred in allowing the value testimony of Nelson, the owner of the property.

Over MUD's objection, Nelson stated: "[M]y opinion was [the Wirt Street property] was worth 30–35,000 and the

appraisal says 15–, so, obviously, I am not qualified." MUD argues that this statement was an admission by Nelson that he was not qualified to testify. The judge allowed the value estimate by Nelson, stating:

> Number one, I don't think that was — that remark that Mr. Nelson made just prior to the break was a concession on his part that he didn't have an opinion on what the value of his property was. I took it that the appraiser value came in so far below what he valued his property that he was, in effect, expressing his disbelief in what the appraiser said.

In a bench trial of a law action, the court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994).

Further, whether an owner of property is qualified to testify is decided by an analysis of the owner's familiarity with the property. In *Langfeld v. Department of Roads*, 213 Neb. 15, 26, 328 N.W.2d 452, 458 (1982), we stated: "We therefore restate the rule to be that an owner who is shown to be familiar with the value of his land shall be qualified to estimate the value of such land for the use to which it is then being put, without additional foundation."

Nelson stated that he owned rental properties other than the property on Wirt Street, that he owned other properties in the vicinity of Wirt Street, that he had made improvements to the Wirt Street property, that he received $350 a month rent for the Wirt Street property, and that he had increased the rent for the Wirt Street property because its value had increased.

We conclude that Nelson, as an owner shown to be familiar with the value of the property, was competent to testify. See *id*.

MUD offered expert testimony at trial, which was admitted, and which stated that the value of the property was $15,000 and that its replacement value was $28,000. Nelson offered evidence, which was admitted, and which stated that the value of the property was $30,000 to 35,000. Nelson then offered evidence that the property was insured for $31,800. MUD now argues that it was error to admit the evidence of insurance.

This case was heard in a bench trial. There is a presumption that a court trying a case without a jury, in arriving at a decision, will consider only competent and relevant evidence, and an appellate court will not reverse a case so tried because other evidence was admitted when there is material, competent, and relevant evidence admitted sufficient to sustain the judgment of the trial court. *Suess v. Lee Sapp Leasing*, 229 Neb. 755, 428 N.W.2d 899 (1988); *Kristensen v. Reese*, 220 Neb. 668, 371 N.W.2d 319 (1985); *In re Interest of S.S.L.*, 219 Neb. 911, 367 N.W.2d 710 (1985).

We find that there is material, competent, and relevant evidence admitted sufficient to sustain the judgment. Therefore, the trial court was not clearly wrong in finding that the fair market value of the property damaged was $26,000.

## CONCLUSION

The trial court's finding of damages in the amount of $26,000 was supported by substantial evidence. The trial court not being clearly erroneous, its decision is hereby affirmed.

AFFIRMED.