RONALD J. SCHOLL ET AL., APPELLANTS, V. COUNTY OF BOONE, NEBRASKA, APPELLEE.

549 N.W.2d 144

Filed June 14, 1996.   Nos. S-94-232 through S-94-236.

Jeffrey L. Stoehr, of Stoehr & Searson, for appellants.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellee.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Appellants, Ronald J. Scholl; Pamela S. Scholl; and Ronald J. Scholl, as guardian of the minor children, Amanda J. Scholl, Derek A. Scholl, and Jared V. Scholl (the Scholls), filed a petition in the Boone County District Court under the Nebraska Political Subdivisions Tort Claims Act, alleging that appellee, Boone County, was negligent in replacing two bridges with two culverts on West Raeville Road, a county road in Boone County, because the culverts were inadequate to drain the water under the road.

The Scholls alleged in their second amended petition that Boone County was negligent in designing the culverts, resulting in injuries and damages to the Scholls when their vehicle, while traveling on West Raeville Road, crashed into an embankment created by a washout during a rainstorm. At trial, central issues were whether the culverts were adequate to drain water from the relevant area during a rainstorm of reasonably expected severity and how unusual the amount of rainfall was on the day of the accident.

This is an appeal from a judgment of the Boone County District Court, following a bench trial on the issue of liability alone, finding that Boone County had no liability because it did not breach any duty owed to the Scholls.

The Scholls appealed to the Nebraska Court of Appeals, asserting that the district court erred by not finding that Boone County was negligent as a matter of law for placing a structure in a natural drainageway that was insufficient to accommodate historic rainfall events; not finding that Boone County was negligent as a matter of law for breaching its duty to address known dangerous conditions or defects that could be discovered through the exercise of due care and which led to the culvert failure; using a "balancing test" to compare Boone County's negligent acts to the storm event; not finding as a matter of law that Boone County's structure did not meet reasonable engineering standards; not following the undisputed physical facts and conditions established at trial so as to find Boone County's acts to be the sole and proximate cause of the Scholls' loss; and, finally, determining the storm event to be the proximate cause of the Scholls' loss.

We removed the case from the Court of Appeals' docket, pursuant to our power to regulate the caseloads of the lower courts. We affirm.

## BACKGROUND

In April and May 1989, Boone County replaced two dilapidated and rotted wooden "cross-overs" (so called because they were both under 20 feet in length and were therefore not required to be inventoried or regularly inspected) with two culverts, one 48 inches in diameter and the other 72 inches in diameter, located about 200 yards apart from each other in a low-lying area of West Raeville Road, a rural gravel road, in Boone County, Nebraska. On September 3, 1989, during a rainstorm, the Scholls left Elgin, Nebraska, at around 11 p.m. and turned off of Highway 14 onto West Raeville Road. When the Scholl pickup truck traveled over the 72-inch culvert, the soil materials around the culvert either collapsed beneath them or had been washed out. The Scholl vehicle, in which all of the Scholls were passengers, dropped into a hole. The Scholls allege that damages occurred because of the negligence of Boone County when their vehicle struck an embankment created by the washout of the 72-inch culvert during the rainstorm. This action followed.

By agreement of the parties, these five negligence actions, brought pursuant to the Nebraska Political Subdivisions Tort Claims Act, were consolidated for purposes of trial. By further agreement of the parties, the trial of these consolidated actions was bifurcated, with the issue of liability initially considered. Trial on the issue of liability lasted 8 days. Much of the testimony at trial consisted of expert testimony. A brief summary of relevant trial testimony follows.

## CULVERT DESIGN

LeRoy Gerrard, Boone County highway superintendent, testified that he used what is called the Dickens formula to size the culverts. The Dickens formula is used to determine how much water will flow in a particular drainage area during a 4-inch, 24-hour rain. The formula takes into account the size of the drainage area in acres and the slope and contour of the land. Gerrard initially recommended one 84-inch culvert, but a Boone County road foreman suggested two culverts, one 72 inches and the other 48 inches in diameter. Gerrard agreed, on that basis that that would increase the amount of water which could travel through the culverts.

The Scholls' expert witness, John Payton, testified that Gerrard's use of the Dickens formula in sizing the culverts resulted in a negligent design and was not appropriate.

Boone County offered the testimony of Patrick Diederich, a registered civil engineer who specializes in hydrology. Diederich testified that the Dickens formula used by Gerrard would yield a design for a 2- to 5-year storm, which by itself might be inadequate. However, Diederich noted that such formulas, including the "modified rational formula" used by Payton, fail to take into account any "storage" values for water that is expected to be routed through the culverts. "Storage" was defined as a backup of water due to the terrain in the area in front of the culvert which alters the result of both the Dickens formula and the modified rational formula. Diederich testified that "routing" formulas for watershed analysis have existed for many years and take such storage into account. Diederich testified that the "HEC-1 formula," often utilized

by the Army Corps of Engineers, is such a "routing" formula for watershed analysis.

Applying the HEC-1 formula, Diederich opined that the culverts designed by Gerrard were designed for a 10- to 25-year storm. It was the further opinion of Diederich that Boone County's design of the culverts in question was valid and appropriate according to accepted engineering standards.

## RAINFALL

Calvin Naegelin, a meteorologist, testified that the storm in question produced 3 to 5 inches of precipitation in the area of West Raeville Road in question in a 3- to 5-hour period, with the most significant rainfall intensity likely taking place between 8 and 11 p.m.

Testimony of other witnesses revealed that rainfall on September 3, 1989, in areas around West Raeville Road, varied from 2.08 inches to 5.5 inches or more.

Keith Schumacher testified that the September 3, 1989, storm produced the hardest rain he could recall.

Kathy Beckman testified that it had rained extremely hard for 45 minutes to 1 hour and that when she traveled across the culverts on West Raeville Road on the night of September 3, 1989, followed by her parents, who were concerned for her safety, she observed standing water at levels she had never seen during the 9 years she had lived in the area.

Diederich testified, upon the storm data available from September 3, 1989, that it was his opinion the storm could be classified anywhere between a 10- to 100-year storm.

## JUDGMENT

At the conclusion of the trial, the trial court took Boone County's motion for directed verdict under advisement and subsequently overruled the motion.

In its final order, the court stated:

Having determined that [the Scholls] have failed to prove [Boone County] has breached any duty owed by it to them, the Court finds for [Boone County] and against [the Scholls] as to the issue of liability. Accordingly, each of the respective Petitions of [the Scholls] are ordered

dismissed, with the costs of each action taxed against [the Scholls].

## ASSIGNMENTS OF ERROR

The Scholls assert that the district court erred when:

a) It failed to find that [Boone County] was negligent as a matter of law for placing a structure in a natural drainageway that was insufficient to accommodate historic rainfall events.

b) It failed to find that [Boone County] was negligent as a matter of law for breaching its duty to address known dangerous conditions or defects that could be discovered through the exercise of due care and which led to the culvert failure.

c) It used a "balancing test" to compare [Boone County's] negligent acts to the storm event which is contrary to law.

d) It failed to find as a matter of law [Boone County's] structure did not meet reasonable engineering standards.

e) It failed to follow the undisputed physical facts and conditions established at trial so as to find [Boone County's] acts to be the sole and proximate cause of [the Scholls'] loss.

f) It determined the storm event to be the proximate cause of [the Scholls'] loss.

## STANDARD OF REVIEW

In actions brought pursuant to the Political Subdivisions Tort Claims Act, the findings of the trial court will not be disturbed on appeal unless they are clearly wrong, and when determining the sufficiency of the evidence to sustain the judgment, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Nelson v. Metropolitan Utilities Dist.*, 249 Neb. 956, 547 N.W.2d 133 (1996); *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996); *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Nelson, supra*; *Whitten v. Malcolm*, 249 Neb. 48, 541 N.W.2d 45 (1995); *Lee Sapp Leasing v. Catholic Archbishop of Omaha*, 248 Neb. 829, 540 N.W.2d 101 (1995); *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995).

## ANALYSIS

The Scholls' assignments of error basically contend that the trial court erred in not accepting the Scholls' argument that Boone County was negligent in designing, constructing, and maintaining the drainageway through West Raeville Road, specifically in removing the original two wooden bridges and replacing them with the two culverts.

This court has defined the duty of care imposed by the Political Subdivisions Tort Claims Act upon a county as " '[using] reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for the traveler using them while he is in the exercise of reasonable and ordinary caution and prudence.' " *Millman v. County of Butler*, 244 Neb. 125, 131, 504 N.W.2d 820, 824 (1993), quoting *Hendrickson v. City of Kearney*, 210 Neb. 8, 312 N.W.2d 677 (1981).

To recover under the Political Subdivisions Tort Claims Act, a claimant must prove the four basic elements of negligence, namely, duty, breach of duty, proximate causation, and damages. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996); *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994); *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). We have also noted that a county is not and should not be considered an insurer of the safety of travelers on its roads. *Christensen v. City of Tekamah*, 201 Neb. 344, 268 N.W.2d 93 (1978).

The Scholls presented no evidence that the county violated any statutory standards, regulations, or policies specifically prescribing a course of action or conduct for sizing a drainage area, selecting a culvert size, or replacing "cross-overs" with culverts, as Boone County did in this case.

The record, however, does establish that the many engineering formulas utilized to design and size culverts, and testified to during the course of the trial, are subject to valid criticisms and that the utilization of any specific formula can logically be defended, or criticized, depending upon the engineering assumptions made and the principles and variables used.

The evidence establishes that the storm of September 3, 1989, was a substantial event. Negligence is never presumed, and the mere happening of an accident does not prove negligence as a matter of law. *Bourke v. Watts*, 223 Neb. 511, 391 N.W.2d 552 (1986). The burden of establishing Boone County's negligence rests with the Scholls.

Considering the testimony and all other evidence received during the course of the trial in a light most favorable to Boone County, that is, resolving every controverted fact in favor of Boone County, it being entitled to the benefit of every inference that can reasonably be deduced from the evidence, we find that the court was not clearly wrong in its finding that the Scholls failed to prove that Boone County had breached any duty owed by it to them. See, *Nelson v. Metropolitan Utilities Dist.*, 249 Neb. 956, 547 N.W.2d 133 (1996); *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996); *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995).

The Scholls' assertion that "[the court] used a 'balancing test' to compare [Boone County's] negligent acts to the storm event which is contrary to law" is not supported by the record.

## CONCLUSION.

Having found that the trial court was not clearly erroneous in its judgment, we hereby affirm the lower court's judgment.

AFFIRMED.

CAPORALE, J., participating on briefs.