GRAND ISLAND LATIN CLUB, INC., A NEBRASKA NONPROFIT CORPORATION, APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT, AND CITY OF GRAND ISLAND, A MUNICIPAL CORPORATION, APPELLEE.

554 N.W.2d 778

Filed November 1, 1996.    No. S-94-1048.

Don Stenberg, Attorney General, and Marie C. Pawol for appellant.

Terry R. Schaaf for appellee Grand Island Latin Club.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and REAGAN, D.J.

WRIGHT, J.

The Nebraska Liquor Control Commission (Commission) appeals from the district court's order reversing the Commis-

sion's denial of the renewal of a liquor license held by the Grand Island Latin Club, Inc. (Latin Club).

## SCOPE OF REVIEW

On appeal, decisions of the Nebraska Liquor Control Commission are reviewed by an appellate court de novo on the record. *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Nelson v. Metropolitan Utilities Dist.*, 249 Neb. 956, 547 N.W.2d 133 (1996); *Whitten v. Malcolm*, 249 Neb. 48, 541 N.W.2d 45 (1995).

## FACTS

The Latin Club has possessed a liquor license for approximately 30 years. Other than one citation in 1975 for selling liquor to nonmembers and another in 1980 for serving after hours, the Latin Club has not been cited with any violation relating to its liquor license.

The Latin Club's annual liquor license was scheduled to expire on October 31, 1993. On October 25, the Grand Island City Council (City Council) objected to automatic renewal of the license. The City Council adopted the position that the Latin Club should file a long-form liquor license application, rather than receiving an automatic renewal. Nevertheless, it appears from the record that the Latin Club continued to possess a license after the October 31 expiration date.

Subsequently, on December 6, 1993, the Commission ordered the Latin Club to file a long-form application. On December 9, the Commission ordered the Latin Club to show cause why its license should not be suspended, canceled, or revoked for failure to have a valid corporation to do business in Nebraska for the previous 2 years and to show cause that circumstances had not changed from those existing at the time of the original application and initially issued license. The portion of the order to show cause relating to the existence of a valid corporation was dismissed by the Commission on January 25, 1994.

As directed by the Commission, the Latin Club filed a long-form application. The parties have agreed that the Latin Club

submitted the long-form application under protest to satisfy the Commission's order and did not do so voluntarily.

After reviewing the long-form application and holding a public hearing, the City Council recommended that the application be denied. This recommendation was based upon the existence of citizen protests and a determination that the license was not compatible with the neighborhood. Based on the City Council's recommendation, the Commission scheduled a hearing on the show cause matter and the long-form application.

On March 18, 1994, the Commission issued an order denying the Latin Club's application on the bases that (1) the Latin Club was not fit, willing, or able to provide the proposed services; (2) the Latin Club could not conform to all provisions, requirements, rules, and regulations found in the Nebraska Liquor Control Act (Act) and the rules of the Commission; (3) the Latin Club had failed to demonstrate that the type of management and control exercised over the proposed licensed premises would be sufficient to ensure that the proposed licensed business would conform to all provisions, requirements, rules, and regulations found in the Act; and (4) the issuance of the license was not required by the present or future public convenience and necessity, based on the recommendation of the local governing body. With respect to the order to show cause, the Commission found that circumstances had changed from the original application and initially issued license and that under Neb. Rev. Stat. § 53-132(2)(a), (b), and (c) (Reissue 1984), the currently issued license should be canceled.

The Latin Club appealed to the district court, which reversed the Commission's March 18, 1994, order and remanded the case to the Commission with directions to renew the Latin Club's class C liquor license, provided that the Latin Club then met all of the requirements for the issuance of such a license. The Commission timely appealed.

## ASSIGNMENTS OF ERROR

The Commission alleges that the district court erred (1) in determining that the Commission lacked authority to require the Latin Club to submit a long-form application, as opposed to automatically renewing the license; (2) in determining that the

Commission lacked authority to issue an order to show cause to the Latin Club; and (3) in reversing the Commission's order, which denied renewal of the Latin Club's license.

## ANALYSIS

### LONG-FORM APPLICATION

The application and renewal process for liquor licenses is governed by the Act. The sections within the Act which are relevant to the present case are Neb. Rev. Stat. §§ 53-135 and 53-135.02 (Reissue 1993). Section 53-135 sets forth the manner of application for renewal as follows:

> A retail or bottle club license issued by the commission and outstanding may be automatically renewed by the commission without formal application upon payment of the state registration fee and license fee if payable to the commission. The payment shall be an affirmative representation and certification by the licensee that all answers contained in an application, if submitted, would be the same in all material respects as the answers contained in the last previous application. The commission may at any time require a licensee to submit an application, and the commission shall at any time require a licensee to submit an application if requested in writing to do so by the local governing body.

Section 53-135.02 states as follows:

> Any licensee may renew his, her, or its license at the expiration thereof in the manner set forth in section 53-135 if the licensee is then qualified to receive a license and the premises for which such renewal license is sought are the same premises licensed under the license to be renewed and are suitable for such purpose. The renewal privilege provided for in this section shall not be construed as a vested right which shall in any case prevent the commission from decreasing the number of licenses to be issued within its jurisdiction.

The Commission required the Latin Club to file a long-form application and, eventually, denied the application. On appeal, decisions of the Nebraska Liquor Control Commission are reviewed by an appellate court de novo on the record. *No Frills*

*Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Nelson v. Metropolitan Utilities Dist.*, 249 Neb. 956, 547 N.W.2d 133 (1996).

With regard to an appeal brought under the Act, we stated in *R.D.B., Inc. v. Nebraska Liquor Control Comm.*, 229 Neb. 178, 182, 425 N.W.2d 884, 887 (1988), that "the district court may not disturb the decision of the commission unless it was arbitrary and unreasonable." In the case at bar, the district court reversed the order of the Commission, holding that as a renewal applicant, the Latin Club should not have been required to file a long-form application. The court concluded that since the record did not reflect any basis for the Commission to require the long-form application, the Commission's action was arbitrary and unreasonable.

In so doing, the district court relied upon our decision in *Pump & Pantry, Inc. v. City of Grand Island*, 233 Neb. 191, 444 N.W.2d 312 (1989). In *Pump & Pantry, Inc.*, we held that § 53-135 (Reissue 1984) and Neb. Rev. Stat. § 53-150 (Reissue 1988) (§ 53-150 now codified at § 53-135.02) established a formal distinction between a first-time applicant for a liquor license and a renewal applicant. The plaintiffs brought an action for declaratory judgment in the district court for Lancaster County against the Commission and the City of Grand Island. The plaintiffs sought a declaration that the provisions of the Act authorized and required only a limited inquiry for renewal of a liquor license.

In *Pump & Pantry, Inc.*, the City of Grand Island requested that the Commission require a licensed retailer to submit a long-form application for renewal of an existing license. At issue were the requirements that a liquor licensee had to satisfy before a license was renewed pursuant to §§ 53-135 and 53-150. The plaintiffs claimed that for renewal of a liquor license, the Act permitted only a limited inquiry regarding whether the renewal applicant had satisfied the liquor license requirements existing when the liquor license was initially issued. The City of Grand Island argued that since the requirements for issuance of a liquor license might change after initial issuance, a renewal

applicant had to meet the current statutory standards for issuance of a renewal license. The district court granted summary judgment to the plaintiffs.

On appeal, we held that the phrase "renewal privilege" in § 53-150 was a right or benefit granted in favor of a licensee seeking an extension or continuation of a previously issued license. We again recognized that a holder of a liquor license has a constitutionally protected interest in obtaining renewal of an existing license. See, also, *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988). We concluded that the legislative history and the language of §§ 53-135 and 53-150 disclosed a legislative intent to codify a practice of approving an application for continuation of an existing liquor license in the absence of a change of circumstances indicated on the licensee's renewal application. We held that under this codified practice, a licensee may renew a liquor license provided (1) the licensee is then qualified to receive a license, (2) the premises for which such renewal license is sought are the same premises designated in the initial license, and (3) the premises are suitable for the sale of alcoholic beverages in accordance with the initially issued license.

An administrative agency is limited in authority to those powers granted to it by statute. See *Bond v. Nebraska Liquor Control Comm.*, 210 Neb. 663, 316 N.W.2d 600 (1982). Thus, in the present case, without a showing by the City of Grand Island or the Commission that the Latin Club did not meet one of the renewal requirements set forth in §§ 53-135 and 53-135.02 (Reissue 1993), the Commission could not demand that the Latin Club submit a long-form application. The district court correctly determined that the Commission did not have authority to require the Latin Club to submit a long-form application in order to renew its liquor license.

## ORDER TO SHOW CAUSE

The Commission argues that even if it was not proper to require the Latin Club to submit a long-form application, the Commission had authority to revoke or cancel the Latin Club's license pursuant to its December 9, 1993, order to show cause. Although we have never specifically addressed whether the

Commission has power to issue orders to show cause under its statutory authority, we have implied that the Commission has such power in *Jetter v. Nebraska Liquor Control Commission*, 204 Neb. 431, 283 N.W.2d 5 (1979).

In *Jetter*, we reviewed whether the Commission had provided a licensee sufficient notice of issues that would be raised against the licensee at the hearing such that the Commission's denial of the application did not violate the licensee's right to procedural due process. The Commission had given notice of a hearing and the challenge to the license in an order to show cause as to why the licensee's license should not be canceled " 'for failure to operate the business.' " *Id.* at 432, 283 N.W.2d at 5. We held that the only issues that could properly be considered by the Commission as a basis for canceling the license were those explicitly listed in the notice provision of the order to show cause. In doing so, however, we implicitly held that the order to show cause was a proper basis for initiating a hearing on whether a license should be suspended, canceled, or revoked. We now expressly hold that an order to show cause is a proper method for the Commission to initiate a hearing on whether a licensee's liquor license should be suspended, canceled, or revoked.

Administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995); *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995). The authority of the Commission to cancel a license is set forth in Neb. Rev. Stat. §§ 53-116.01 and 53-117.08 (Reissue 1993). Each of these sections gives the Commission authority to revoke, cancel, or suspend a liquor license where, after a proper hearing, the licensee has been found to have violated a provision of the Act, a regulation adopted pursuant to the Act, or a lawful ordinance of a local governing body.

The only remaining basis for cancellation that was challenged in the Commission's order to show cause was whether the Latin Club met the requirements of § 53-132(2)(a), (b), and (c). (Reissue 1984). Thus, the validity of the Commission's denial of the application depends upon whether § 53-132(2)(a),

(b), and (c) is an appropriate ground for cancellation of a license.

Section 53-132(2)(a), (b), and (c) states:

A retail license or bottle club license shall be issued to any qualified applicant if it is found by the commission that (a) the applicant is fit, willing, and able to properly provide the service proposed within the city, village, or county where the premises described in the application are located, (b) the applicant can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act, (c) the applicant has demonstrated that the type of management and control exercised over the licensed premises will be sufficient to insure that the licensed business can conform to all provisions, requirements, rules, and regulations provided for in the Nebraska Liquor Control Act . . . .

Section 53-132(2) clearly describes the general standards by which initial applicants are judged to be fit to obtain a liquor license and to follow the rules and regulations that bear on license holders. This statute, however, is not itself a rule or regulation which can be violated by a current licensee and subject the licensee to cancellation under the power given to the Commission by §§ 53-116.01 and 53-117.08. We therefore conclude that the Commission could not cancel the Latin Club's liquor license under the provisions of § 53-132(2)(a), (b), and (c).

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.