IN RE CONSERVATORSHIP OF THE ESTATE OF
LUCILLE MARSH, A PROTECTED PERSON.
LUCILLE MARSH ET AL., APPELLEES, V.
GLENNDA SUSAN MARSH-LETTS, APPELLANT.
566 N.W.2d 783

Filed July 15, 1997.   No. A-96-1050.

Joseph M. Casson, of Sass & Casson, P.C., for appellant.

Catherine W. Patterson, of Cannon Law Office, for appellee Lucille Marsh.

IRWIN, SIEVERS, and MUES, Judges.

MUES, Judge.

## INTRODUCTION

Glennda Susan Marsh-Letts, daughter of a protected person, Lucille Marsh, appeals from an order of the county court granting Lucille's petition to remove Ronald Schwab as her conservator and further appointing a successor conservator. On appeal, Glennda asserts that the county court erred in finding good cause to remove Schwab and further that she received no notice of the proceedings.

## STATEMENT OF CASE

On October 3, 1994, Schwab was appointed conservator for Lucille in an action initiated by Glennda. During the appointment proceedings, Glennda was represented by attorney Joseph Casson. On June 9, 1995, Lucille filed an application for appointment of conservator in which she nominated Melvin W. Broman to be her permanent conservator. A copy of this application was served on Casson, who thereafter appeared at all subsequent proceedings and filed all pleadings as attorney of record for Schwab.

On February 15, 1996, following several demurrers, an amended petition to terminate conservatorship or to remove the

existing conservator and nominate an alternate conservator was filed. Schwab filed an answer, and the matter came on for hearing on September 16. Lucille was present with her attorney, and Schwab was present with his attorney, Casson. Evidence was adduced and will be set forth below as necessary to this opinion. By order dated September 16, 1996, the court granted Lucille's application to remove Schwab and further appointed Broman as successor conservator. Specifically, the court stated in its order:

> Irreconcilable differences have arisen between Mr. Schwab and Mrs. Marsh. There is no evidence that Mr. Schwab has done anything to necessitate his removal for cause other than the fact that an extreme personality conflict exists between the two parties so that Mrs. Marsh is unwilling to function such as to allow Mr. Schwab to effectively represent her interests. She is emotionally unstable and suffering from mental deficiency such that she cannot relate to Mr. Schwab in a reasonable manner. This makes it nearly impossible for the legal relationship to continue.

It is from this order which Glennda, represented by Casson, now appeals.

## ASSIGNMENTS OF ERROR

Glennda asserts that the trial court erred in (1) removing the conservator without good cause as required by Neb. Rev. Stat. § 30-2644 (Reissue 1995), (2) proceeding to trial on the amended petition to remove absent notice to all interested parties as required by Neb. Rev. Stat. § 30-2634(d) (Reissue 1995), (3) entering an order appointing a successor conservator absent notice as required by § 30-2644, and (4) entering an order appointing a successor conservator when such was not in conformity with the prayer of the amended petition.

## STANDARD OF REVIEW

Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 1995), are reviewed for error on the record. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996); *In re Conservatorship of Estate of Martin*, 228 Neb. 103, 421 N.W.2d

463 (1988). When reviewing an order for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997). On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower court. *In re Guardianship of Zyla, supra.*

## DISCUSSION

In her first assigned error, Glennda asserts that the trial court erred in removing Schwab as conservator without good cause as required by § 30-2644. That section provides in relevant part, "The court may remove a conservator for good cause, upon notice and hearing . . . ." As previously stated, the county court removed Schwab based upon its findings of "[i]rreconcilable differences" and an "extreme personality conflict" between Schwab and Lucille. In pronouncing its judgment, the court stated:

> [T]he Court will change conservators but I will stress it both in writing and orally today that there is no evidence that Mr. Schwab has done anything that would necessitate his removal, other than the fact that there is a huge personality conflict . . . . Basically because Mr. Schwab is not willing to knuckle under to her [Lucille] and he's trying to protect her [Lucille's] estate, she [Lucille] doesn't want him to do it the way he is running it.

In this appeal, Glennda contends that "[i]rreconcilable differences" and a "personality conflict" are insufficient to constitute good cause for removal of a conservator. According to Glennda, these findings by definition relate to Schwab's inability to satisfy Lucille's personal needs, rather than his ability to manage her property, the latter being the primary responsibility of a conservator under Nebraska law. See §§ 30-2646 and 30-2813. Stated another way, Glennda contends that removal of a conservator for causes unrelated to his or her appointed duties is error.

The term "good cause" for the purpose of removal of a conservator is not defined under the Nebraska Probate Code, nor has it been defined by case law in Nebraska. It does, however,

appear elsewhere in the Nebraska Probate Code. For example, § 30-2437 provides that an order in formal testacy proceedings may be modified or vacated for "good cause" shown. As in § 30-2644, "good cause" is not defined in § 30-2437. In defining the term for the purpose of that section, the court in *DeVries v. Rix*, 203 Neb. 392, 403, 279 N.W.2d 89, 95 (1979), noted:

> Webster's Third New International Dictionary defines "good cause" as "a cause or reason sufficient in law; one that is *based on equity or justice* or that would motivate a reasonable man under all the circumstances." (Emphasis supplied.)

> The meaning of good cause must be determined in light of all of the surrounding circumstances.

Similarly, Black's Law Dictionary 692 (6th ed. 1990) defines "good cause" in part as follows: "It is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in type of case presented."

Thus, the meaning of "good cause" to remove a conservator necessarily requires an examination of a conservator's purpose and duties. A conservator is defined in § 30-2209(6) as "a person who is appointed by a court to manage the estate of a protected person." The term "estate" refers to the property of the protected person. See § 30-2209(12). Any person with an interest in the person's estate or property affairs may petition for the appointment of a conservator, see § 30-2633(a), but appointment of a conservator occurs only after clear and convincing evidence has been produced that the person is unable to manage his or her property effectively or the person has property which will be wasted or dissipated absent assistance. See § 30-2630(2).

Once appointed, every conservator is required to file with the court a complete inventory of the protected person's estate. § 30-2647. Also upon appointment, title as trustee to all property of the protected person vests in the conservator. § 30-2649. Unless otherwise limited, a conservator is empowered by statute to, among other things, invest funds of the estate; collect, hold, and retain assets of the estate; receive additions to the

estate; participate in the operation of any business; deposit estate funds; acquire or dispose of an estate asset; make necessary repairs; enter into a lease; vote a security; borrow money to be repaid from estate assets; pay or contest any claim belonging to the estate; and employ persons on behalf of the estate. §§ 30-2653 and 30-2655. A conservator may also distribute income of the estate for the support and care of the protected person. § 30-2654.

In addition, a conservator possesses those powers conferred by law upon a trustee. § 30-2653 and § 30-2819 et seq. Similarly, § 30-2646 provides that a conservator is to act as a fiduciary, observing the standards of care applicable to trustees as set forth in § 30-2813. That section in turn provides:

> Except as otherwise provided by the terms of the trust, the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another, and if the trustee has special skills, or is named trustee on the basis of representations of special skills or expertise, he is under a duty to use those skills.

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997); *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996). In determining the meaning of a statute, an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997); *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994).

Just as the Nebraska Probate Code provides for the appointment and removal of conservators, it also provides for the appointment and removal of guardians and personal representatives. Thus, in attempting to give meaning to the notion of good cause for a conservator's removal, in addition to considering a

conservator's duties, we believe resort to such other provisions of the Nebraska Probate Code is also appropriate.

Lucille seeks affirmance of the county court's order under the reasoning of *In re Guardianship of Carstens*, 151 Neb. 425, 37 N.W.2d 581 (1949), which involved the removal of a guardian. Unlike a conservator, a guardian is appointed on behalf of a person who is unable to make responsible decisions concerning his or her *person*. See § 30-2619. A guardian is defined in § 30-2209(17) in relevant part as a person who has qualified as a guardian of an incapacitated person pursuant to testamentary or court appointment. An incapacitated person is defined as

> any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person.

§ 30-2601.

The responsibilities delegated to a guardian may include, but are not limited to the following: selecting a place to live for the ward; arranging for the ward's medical care; protecting the ward's personal effects, i.e., clothing, furniture, and vehicles; giving consent necessary to obtain medical or other professional care on behalf of the ward; arranging for the ward's education; and applying for government benefits on behalf of the ward. §§ 30-2620 and 30-2628. In sum, a guardian "has the same rights and duties respecting his or her ward that a parent has respecting his or her unemancipated minor child." § 30-2628. Further, a court is authorized to remove a guardian and appoint a successor if such is in the "best interests" of the ward. § 30-2623.

Based on the foregoing, it is clear that the duties of a conservator are different from the duties of a guardian. The former involve primarily the management of a person's financial matters and property while the latter generally address a person's immediate personal needs. Although neither party argues such, we believe the office of a conservator is more akin to that of a personal representative.

The subject of personal representatives under the Nebraska Probate Code, including their appointment, standard of care,

duties, and removal, is found at § 30-2464 et seq. Like a conservator, see § 30-2646, a personal representative is a fiduciary and is required to observe the standards of care applicable to trustees, see § 30-2464. The duties of a personal representative can be generally described as settling and distributing the estate of a decedent. See § 30-2464. In so doing, the personal representative has the right to take possession and control of the decedent's property and has the same power over title to property of the estate as an absolute owner. §§ 30-2470 and 30-2472. Specific transactions authorized for a personal representative include receiving and disposing of estate assets, executing deeds, making leases, and investing funds. See § 30-2476.

As is evident, the powers and duties of a personal representative over a decedent's estate in many respects mirror those of a conservator over a protected person's estate. See, e.g., § 30-2653 (conservator's powers) and § 30-2649 (title to protected person's property vests in conservator as trustee). Indeed, upon the death of a protected person, a conservator may under certain circumstances apply to exercise the powers and duties of a personal representative and proceed to administer and distribute the estate of the protected person. See § 30-2654.

By definition, a personal representative's fiduciary duties compel protection and prudent management of the estate, tasks which may at times conflict with the personal desires of the heirs and other interested persons. By the same token, a conservator's adherence to its fiduciary duty to prudently assemble, manage, and conserve the protected person's estate may not always suit the personal views and desires of that person.

A personal representative may be removed "for cause." § 30-2454. Subsection (b) of § 30-2454 provides in pertinent part:

> Cause for removal exists when removal would be in the best interests of the estate, or if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

We note that each of the bases for removal enumerated in § 30-2454(b) either directly or indirectly impacts upon the performance of the personal representative's duties.

Because, as set forth above, a conservator's duties relate to the management of a protected person's estate and property while a guardian's responsibilities relate to a person's personal and day-to-day needs, we decline to, as urged by Lucille, apply the rationale of *In re Guardianship of Carstens*, 151 Neb. 425, 37 N.W.2d 581 (1949). Rather, because of the similarity between the powers and duties of a personal representative and those of a conservator, we believe, in the interest of consistency, harmony, and good sense, that the "good cause" requirement of § 30-2644 for removal of a conservator must be read to include grounds similar to those expressly set forth by the Legislature for removal of a personal representative.

Thus, good cause for removal of a conservator exists (1) when removal would be in the best interests of the protected person's estate, (2) if the conservator or the person seeking his or her appointment intentionally misrepresented material facts in the proceeding leading up to the appointment, (3) if the conservator has disregarded an order of the court, (4) if the conservator has become incapable of discharging the duties of the office, (5) if the conservator has mismanaged the estate, or (6) if the conservator has failed to perform any duty pertaining to the office. Applying the foregoing principles to this case leads us to the inescapable conclusion that good cause did not exist for removal of Schwab as Lucille's conservator.

Lucille's specific complaints in this case relate to such items as her inability to inspect certain articles of personal property, such as jewelry; her placement in a nursing home despite her desire to be cared for in her own home; and an apparent lack of funds made available to care for her dogs. As is obvious, some of these matters would seem more appropriately handled by a guardian rather than a conservator. In any event, although Lucille's testimony evidences a firmly held lack of trust toward Schwab, there is no evidence to suggest that this lack of trust has any basis in fact. To the contrary, the county court specifically found that Schwab has done nothing to necessitate his removal, and our review of the record supports this conclusion.

Lucille's inability to manage her estate or the fear of her wasting and dissipating her estate is presumably the very reason Schwab was appointed in the first instance. See § 30-2630(2). Schwab's refusal to comply with Lucille's requests to spend Lucille's money as Lucille sees fit obviously causes personal conflicts between the two. While we are not insensitive to the discomfort this arrangement causes to Lucille, that discomfort is perhaps inherent in the fact that she has a conservator, regardless of who it is. If personal conflicts are deemed sufficient cause to remove a conservator, we expect that Schwab would be but the first in a long line of many destined to be former conservators of Lucille's estate. Good cause for Schwab's removal does not exist here under any of the grounds that we have identified above.

Based on the foregoing discussion, we find that the county court's decision to remove Schwab as conservator of the estate of Lucille did not conform to the law and was not supported by competent evidence. It is therefore unnecessary to address Glennda's remaining assigned errors. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

Because good cause was not shown, the orders of the county court removing Schwab as conservator and appointing a successor are reversed.

REVERSED.