DON C. BOTTORF, APPELLANT, V.
CLAY COUNTY BOARD OF EQUALIZATION, APPELLEE.
580 N.W.2d 561

Filed June 9, 1998.    No. A-97-1107.

Don C. Bottorf, pro se.

Ted S. Griess for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

At issue is the proper valuation for the 1996 tax year of a residential property owned by Don C. Bottorf. Bottorf protested the proposed 1996 valuation of $162,715 to the Clay County Board of Equalization (Board). The Board reduced the valuation to $144,160. Thereafter, Bottorf appealed to the Nebraska Tax Equalization and Review Commission (TERC). After a hearing, the TERC affirmed the determination of the Board. Bottorf appeals the decision of the TERC. For the reasons stated below, we affirm.

## II. FACTUAL BACKGROUND

The property at issue is a two-story house with a full basement located in Sutton, Nebraska. The residence was built in approximately 1983. Bottorf purchased the property on October 2, 1995, for $130,000, of which $5,000 was allocated to personal property. Subsequently, Bottorf made improvements on the property which included repainting the interior, replacing carpet, and installing new kitchen cabinets.

In 1996, the property was assessed at $162,715. Bottorf protested the above property tax assessment to the Board, requesting that the property be assessed at $86,980. Although there was a hearing before the Board at which Bottorf appar-

ently testified, there is no transcription of the hearing in the record on appeal. The record shows that the county assessor recommended that the $162,715 valuation be adjusted 10 percent for depreciation. The record also shows that the members of the Board viewed the property on July 2, 1996, and, thereafter, set the assessed value at $144,160. Bottorf appealed the determination of the Board to the TERC.

At the hearing before the TERC, Bottorf testified and offered exhibits including his offer to purchase, the real estate closing statement, the warranty deed transferring the property to Bottorf, and a map of Sutton. Bottorf also offered an affidavit of a realtor appraising the property at $125,000 based on Bottorf's purchase price and a comparable sale. The realtor's comparable sale was a property sold from "Wittmann to Griess" in August 1994 for $135,000 that is located within 1½ blocks of the property at issue.

In addition, Bottorf presented the residential property records for two properties located in Sutton. Bottorf contended these properties were comparable to the property at issue. Bottorf's first comparable was a one-story brick house sold by him to Thomas E. Schrader in October 1995. The 1996 assessment value of the first comparable was $75,050. Bottorf's second comparable was a one-story brick house without a basement built in 1990. It had been sold by Dennis and Joan Wittman to Ervin and Celesta Griess in August 1994. Its assessed value for 1996 was $94,020.

The Board offered the residential property record for the property at issue and a residential property worksheet. The Board called no witnesses.

After hearing the evidence, the TERC affirmed the determination of the Board. The TERC found that Bottorf's purchase price, which did not include the increased value of the improvements made by Bottorf, was not "conclusive" evidence of the value of the property, that Bottorf's proposed comparable properties were not similar or comparable to the property at issue, and that the record did not support Bottorf's contention that there was a lack of equalization of residential real property in Clay County. The TERC concluded that Bottorf's evidence failed to demonstrate that the decision of the Board was arbi-

trary and unreasonable. Thereafter, Bottorf timely filed a petition on appeal with this court.

## III. ASSIGNMENTS OF ERROR

For his assigned errors, Bottorf generally contends that the TERC erred in affirming the Board's assessed value, because it is in excess of the property's actual value. Particularly, Bottorf contends that some of the TERC's factual findings were incorrect, that the TERC erroneously disregarded the appraisal and comparable sales he presented, and that the TERC erroneously failed to consider the Board's lack of evidence to support the Board's valuation.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

We review the decision of the TERC for error appearing on the record. See Neb. Rev. Stat. § 77-5019(5) (Reissue 1996). When reviewing an order for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998); *In re Conservatorship of Estate of Marsh*, 5 Neb. App. 899, 566 N.W.2d 783 (1997).

### 2. TERC'S FACTUAL FINDINGS

Bottorf contends that the TERC's summary of the evidence was incorrect. In particular, Bottorf challenges the TERC's findings that the property was unique for Sutton, that the property had solar heat panels, and that the property had a built-in bedroom set.

The record supports all three findings. Testimony provided that the property was custom-built and had distinctive features. The record also shows that solar windows are located in the front porch area of the residence. In addition, there was testimony regarding a bedroom set in the master bedroom that, although not built-in per se, was built specifically for that room, was too large to be removed, and had been sold with the house. We conclude that this assigned error is without merit.

### 3. BOTTORF'S EVIDENCE OF VALUE

Next, we address Bottorf's contention that the TERC erroneously disregarded his evidence concerning the value of the property. At the TERC hearing, Bottorf offered three items to support his contention that the Board's valuation of his property was in excess of its actual value: the price he paid for the property in October 1995, a realtor's appraisal, and two comparable sales. The TERC admitted Bottorf's evidence but concluded that it did not constitute conclusive evidence of the value of the property and, therefore, that Bottorf did not meet his burden to establish that the Board's valuation was arbitrary and in an amount greater than the property's actual value.

### (a) Purchase Price

Bottorf argues that his purchase price of $125,000 should be conclusive evidence of the actual value of the property. Based on the evidence, the TERC concluded that the purchase price, which did not include the value of Bottorf's improvements, was not "conclusive" evidence of the value of the property.

Although the sale price for a property which is sold close to the time of the property tax assessment should receive strong consideration when assessing the property's value, sale price is not conclusive. *Dowd v. Board of Equal.*, 240 Neb. 437, 482 N.W.2d 583 (1992). The record shows that since Bottorf purchased the property, he has made certain improvements to the residence which included painting the interior, installing new carpet, and remodeling the kitchen. Based on our review of the record, we conclude that the TERC's determination that Bottorf's purchase price was not conclusive evidence of value is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (b) Comparable Properties

Bottorf contends that his evidence regarding the assessed values of two comparable properties established that the Board's valuation of his property was in error. The TERC concluded that these properties were not similar or comparable in light of the "style, size in square feet, quality of construction, or year built" as required by "professionally accepted appraisal practices."

The record shows that the two proposed comparable properties were one-story houses, while the property at issue is a two-story house with a full basement. The proposed comparables are also significantly smaller in size than Bottorf's property. In addition, Bottorf's comparable properties were rated as "good" quality, whereas the property at issue was rated as "very good." Based on our review of the record, we conclude that the TERC's determination that the two properties were not comparable to the property at issue is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (c) Expert Appraisal

Bottorf also contends that the realtor's appraisal valuing the property at $125,000 was conclusive evidence of his property's value. Although the TERC did not specifically address the realtor's opinion, it implicitly rejected it. The record shows that the realtor relied on Bottorf's purchase price and one of the properties offered by Bottorf as a comparable property in arriving at his opinion as to the value of the property. As discussed above, the TERC concluded that neither Bottorf's purchase price nor the comparable properties were conclusive evidence of the value of the property.

It is well established that the value of the opinion of an expert witness is no stronger than the facts upon which it is based. See, *McArthur v. Papio-Missouri River NRD*, 250 Neb. 96, 547 N.W.2d 716 (1996); *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994). As a result, the opinion of the realtor, which was based on evidence that the TERC rejected, can also not be conclusive evidence of value. Given our conclusions above that the TERC did not err in not finding the purchase price and Bottorf's proposed comparable properties controlling on the issue of value, we cannot conclude that the TERC's failure to accept the realtor's opinion as persuasive evidence of value was arbitrary, capricious, or unreasonable.

### 4. TAXPAYER'S BURDEN OF PROOF

We address Bottorf's contention that the TERC failed to consider the Board's lack of evidence. At the TERC hearing, the Board offered the residential property record and a residential property worksheet but called no witnesses.

Neb. Rev. Stat. § 77-1511 (Reissue 1996) provides that the TERC hears appeals as in equity and is to determine anew all questions raised which relate to the liability of the property to assessment or the amount thereof. Section 77-1511 further provides that the TERC *"shall affirm* the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary . . . ." (Emphasis supplied.) The Nebraska Supreme Court held under an earlier version of § 77-1511 that there is a presumption that a board of equalization has properly performed its official duties and in making an assessment acted upon sufficient competent evidence to justify its action. " 'The presumption disappears when there is competent evidence to the contrary . . . . The reasonableness of the valuation made by the [board] then becomes a question of fact to be determined from all the evidence tending to establish the actual value of the property.' " *Boss Hotels Co. v. County of Hall*, 183 Neb. 19, 21, 157 N.W.2d 868, 869 (1968).

Based upon the applicable law, the Board need not put on any evidence to support its valuation of the property at issue unless the taxpayer establishes the Board's valuation was unreasonable or arbitrary. The TERC concluded that Bottorf's evidence did not demonstrate that the Board's determination was unreasonable or arbitrary. As a result, the TERC affirmed the decision of the Board pursuant to § 77-1511. As discussed above, the TERC did not err in affirming the decision of the Board. Therefore, Bottorf's assigned error is without merit.

## V. CONCLUSION

Given the expertise of the members of the TERC, the TERC is authorized by Neb. Rev. Stat. § 77-5016(5) (Reissue 1996) to "utilize its experience, technical competence, and specialized knowledge in the evaluation of the evidence presented to it." Based on our review of the record, we conclude the TERC did not act arbitrarily or capriciously in affirming the decision of the Board. The TERC's determination is supported by competent evidence and conforms to the law. We affirm.

AFFIRMED.