72ND PROPERTY, L.L.C., APPELLANT, V.
DOUGLAS COUNTY BOARD OF EQUALIZATION, APPELLEE.
MAPLE JOINT VENTURE, APPELLANT, V.
DOUGLAS COUNTY BOARD OF EQUALIZATION, APPELLEE.

638 N.W.2d 872

Filed January 29, 2002.   Nos. A-01-479, A-01-480.

Michael L. Schleich and Daniel J. Guinan, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellants.

James S. Jansen, Douglas County Attorney, and James R. Thibodeau for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

At issue in these two cases are the proper valuations for the 2000 tax year of two Kohl's Department Stores (Kohl's) located at 909 South 72d Street (72nd Property, hereinafter referred to as the "72nd Street Property") and 13550 West Maple Road (Maple Joint Venture, hereinafter referred to as the "Maple Road Property"), Omaha, Douglas County. After the properties were assessed, Kohl's protested the assessed values to the Douglas County Board of Equalization (Board). The Board granted Kohl's partial relief, but denied the remaining objections. Thereafter, Kohl's appealed to the Nebraska Tax Equalization and Review Commission (TERC). After a hearing on each property, the TERC affirmed the decisions of the Board. We consolidated these two appeals for oral argument and disposition. For the reasons stated below, we affirm.

## II. BACKGROUND

We generally describe the facts and testimony below. Additional facts necessary for the resolution of this appeal will be set forth in the analysis.

The 72nd Street Property was built in 1998. In 2000, the 72nd Street Property was assessed at $6,627,600. Kohl's protested this amount to the Board. The Board reduced the assessment by 7 percent. This 7 percent reflects the amount of increase ordered by the TERC on all commercial property for tax year 2000. The Board denied Kohl's other objections, and Kohl's appealed this decision to the TERC.

The Maple Road Property was built in 1999. In 2000, the Maple Road Property was assessed at $5,910,700. Kohl's also protested this amount to the Board. The Board reduced the entire assessment by 7 percent and also reduced the land value

further to equalize it with other land values in the area. Kohl's appealed the assessed value of the improvements of the Maple Road Property to the TERC.

At the hearing on each property before the TERC, Kohl's offered the testimony of Daniel Campbell, director of real estate expense at Kohl's, and Mark Kriglstein, real estate appraiser for the Douglas County assessor's office. The Board did not produce any witnesses to testify on its behalf.

Campbell testified that he used a cost approach and an income approach to value the 72nd Street and Maple Road Properties. Campbell stated that the county overvalued the improvements and land with respect to the 72nd Street Property and overvalued the improvements on the Maple Road Property. Kriglstein testified that he used a cost approach to assess the value of the 72nd Street and Maple Road Properties.

In each case, at the conclusion of Kohl's presentation of evidence, the Board moved to dismiss the appeal. The Board argued that Kohl's failed to rebut the statutory presumption that states that the TERC shall affirm the Board's decision unless it is arbitrary or unreasonable. See *Garvey Elevators v. Adams Cty. Bd. of Equal.*, 261 Neb. 130, 621 N.W.2d 518 (2001). In each case, the TERC denied the Board's motion to dismiss after Kohl's rested. The Board then rested its case and again moved the TERC to dismiss Kohl's appeal. In written rulings filed by the TERC, the Board's motions to dismiss were granted, and the decisions of the Board were affirmed. These timely appeals followed.

## III. ASSIGNMENTS OF ERROR

Kohl's has assigned the same two assignments of error in the 72nd Street and Maple Road Properties appeals. Kohl's asserts that the TERC erred in affirming the Board's decisions and in refusing to reduce the assessed valuations of the properties. Kohl's also asserts that the TERC erred in finding that Kohl's failed to rebut the statutory presumption.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

■ We review the decision of the TERC for error appearing on the record. See Neb. Rev. Stat. § 77-5019(5) (Cum. Supp.

2000). When reviewing an order for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998); *In re Conservatorship of Estate of Marsh*, 5 Neb. App. 899, 566 N.W.2d 783 (1997).

## 2. JUDICIAL NOTICE

We note that at the 72nd Street Property hearing, the TERC took judicial notice of testimony and exhibits from a prior hearing concerning a Kohl's store located at 3551 Oakview Drive, Omaha, Douglas County (Oakview Property). The TERC stated that it would take "[j]udicial notice of all of the relevant items" from the Oakview Property case. At the Maple Road Property hearing, the TERC took judicial notice of testimony and exhibits from the Oakview and 72nd Street Properties cases. The TERC again stated it would take judicial notice of all of the "relevant information" from those prior proceedings. The record reveals that the parties did not object to the TERC taking judicial notice, nor do they raise it as error on appeal. This procedure employed appears inconsistent with prior holdings of this court. See *In re Interest of Tabitha J.*, 5 Neb. App. 609, 561 N.W.2d 252 (1997) (Court of Appeals sets forth procedure that should be used to judicially notice information from other proceedings). However, we do not find that it rises to the level of plain error. See *In re Interest of Jaden H.*, 10 Neb. App. 87, 625 N.W.2d 218 (2001) (plain error exists where there is error, plainly evident from record but not complained of at trial, which prejudicially affects substantial right of litigant and is of such nature that to leave it uncorrected would cause miscarriage of justice or result in damage to integrity, reputation, and fairness of judicial process). Since the parties do not raise this issue, we will not decide whether the TERC employed the proper procedure. We will assume, without deciding, that the judicially noticed information is properly before us. However, even with this information, we find the TERC's decision in each case to affirm the Board's decision was supported by competent evidence and was neither capricious nor arbitrary.

### 3. VALUE OF 72ND STREET AND MAPLE ROAD PROPERTIES

Kohl's contends the Board overvalued the 72nd Street and Maple Road Properties. Kohl's asserts it presented competent evidence to rebut the statutory presumption and prove the Board overvalued the properties. Kohl's is appealing the value of the improvements and land at the 72nd Street Property. Kohl's is only appealing the value of the improvements at the Maple Road Property.

Neb. Rev. Stat. § 77-1511 (Reissue 1996) states that the TERC "shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary." The Supreme Court has held this to mean that there is a presumption that a board of equalization has properly performed its official duties and that in making an assessment, it has acted upon sufficient competent evidence to justify its action. *Garvey Elevators v. Adams Cty. Bd. of Equal.*, 261 Neb. 130, 621 N.W.2d 518 (2001).

Campbell testified at the proceedings for both properties that he used a cost approach and an income approach to value the properties. Each approach will be set out separately below.

### (a) Cost Approach

At the 72nd Street Property hearing, the TERC took judicial notice of all of the "relevant" exhibits and testimony from the Oakview Property hearing. At the Maple Road Property hearing, the TERC took judicial notice of all of the "relevant" exhibits and testimony from the Oakview and 72nd Street Properties hearings. One of the exhibits that was noticed at both hearings was the construction costs incurred by Kohl's to build the Oakview Property.

Campbell testified he used a cost approach to value the 72nd Street and Maple Road Properties. Campbell stated he relied on the construction costs incurred when the Oakview Property was built to establish the values of the 72nd Street and Maple Road Properties. The exhibit that states the construction costs for the Oakview Property reveals that this store was built in 1996. However, there is no testimony in the record that establishes whether construction costs have changed since 1996 or whether the same contractor was used to build the 72nd Street and Maple

Road stores, helping to keep the costs constant. Campbell testified that he arrived in Omaha the day before the hearings began and spent "at least a half a day" observing the properties involved in this case.

█ It is well established that the value of the opinion of an expert witness is no stronger than the facts upon which it is based. *Bottorf v. Clay Cty. Bd. of Equal.*, 7 Neb. App. 162, 580 N.W.2d 561 (1998). The TERC found the cost approach used by Campbell unpersuasive. For the above reasons, the TERC found Kohl's evidence insufficient to overcome the statutory presumption. We find the TERC's decisions conform to the law, are supported by competent evidence, and are neither arbitrary, capricious, nor unreasonable. Therefore, this assigned error is without merit.

### (b) Income Approach

Campbell testified that he also used an income approach to value the 72nd Street and Maple Road Properties. Campbell testified that his income approach formula came from the "Urban Land Institute Dollars and Cents Comparison of Rent to Sales to Discount Department Stores." Campbell explained how he reached his valuations of the 72nd Street and Maple Road Properties.

From the record, it appears that none of the parties contest that "market rent" is an important factor in an income approach analysis. Campbell testified that he did not know what the market rent was for other properties in Omaha. Campbell stated that the market rent used to value the 72nd Street and Maple Road Properties was based solely on that particular property and not surrounding properties.

The TERC found that the income approach used by Kohl's was "flawed." "[N]othing in the record establishes that this 'formula' is commonly or ordinarily used to determine actual or fair market value." The TERC found that Campbell had limited knowledge about the Omaha area and that nothing in the record supported his testimony about what the market rent should be for the 72nd Street and Maple Road Properties. Therefore, the TERC found Campbell's testimony was not clear and convincing to rebut the statutory presumption. See *Bottorf, supra.*

After our review of the record, we conclude the TERC did not err. We find the TERC's decisions conform to the law, are supported by competent evidence, and are neither arbitrary, capricious, nor unreasonable. Therefore, this assigned error is without merit.

### 4. EQUALIZATION OF 72ND STREET AND MAPLE ROAD PROPERTIES

Finally, Kohl's contends that its evidence regarding the assessed value of comparable properties established that the Board's valuations of the 72nd Street and Maple Road Properties were in error. Kohl's is appealing the assessed value of the improvements and land at the 72nd Street Property and only the improvements at the Maple Road Property. The TERC concluded that the comparable properties set forth by Kohl's were not similar or comparable in light of the location of these properties, the improvements to the properties, the age of the properties, and the size of the properties. See *Bottorf, supra.*

At the 72nd Street Property hearing, Kohl's introduced five properties as proposed comparables. These proposed comparable properties are parking lots, located in a flood plain, or in different "field books" or assessment areas. The record from the Maple Road Property hearing reveals that the two comparable properties offered by Kohl's are several years older than the Maple Road Property or "considerably" larger than that property. Additionally, there is no evidence in the record that Campbell took these differences into consideration when discussing these "comparable" properties.

Based on our review of the record, we conclude that the TERC's determination that the properties introduced by Kohl's were not comparable to the properties at issue is supported by competent evidence and is not arbitrary, capricious, or unreasonable. This assigned error is without merit.

### V. CONCLUSION

Based on our review of the record, we conclude the TERC did not act arbitrarily or capriciously in affirming the decisions of the Board. The TERC's determination is supported by competent evidence and conforms to the law.

AFFIRMED.