IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE GUARDIANSHIP & CONSERVATORSHIP OF GIVENTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE GUARDIANSHIP AND CONSERVATORSHIP OF PEARL GIVENTER, A PROTECTED PERSON.

PEARL GIVENTER, APPELLANT,
V.
MARK MALOUSEK, GUARDIAN, ET AL., APPELLEES AND CROSS-APPELLEES, AND
MARLYS LEBOWITZ AND PAUL GIVENTER, APPELLEES AND CROSS-APPELLANTS.

Filed April 9, 2013.   Nos. A-11-806, A-11-974.

Appeal from the County Court for Douglas County: CRAIG Q. MCDERMOTT, Judge. Affirmed in part, and in part vacated and remanded with directions.

Edward F. Fogarty and John J. Gross, of Fogarty, Lund & Gross, for appellant.

Bryan S. Hatch, of Stinson, Morrison & Hecker, L.L.P., for appellee Wells Fargo Bank, NA.

James D. Sherrets and Diana J. Vogt, of Sherrets, Bruno & Vogt, L.L.C., for appellee Marlys Lebowitz.

Willliam E. Seidler, Jr., of Seidler & Seidler, P.C., for appellee Paul Giventer.

INBODY, Chief Judge, and SIEVERS and RIEDMANN, Judges.

INBODY, Chief Judge.

INTRODUCTION

Pearl Giventer (Giventer), a protected person, has appealed from an order of the Douglas County Court finding that her right to retain an attorney was limited, pursuant to Neb. Rev. Stat. § 30-2620 (Reissue 2008), solely to challenging "the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward." Giventer also appeals from the county court's approval of the accounting and request for fees by the conservator, Wells Fargo Bank,

- 1 -

NA (Wells Fargo), and the county court's denial of a request to remove or terminate Wells Fargo as conservator. Giventer's children, Marlys Lebowitz and Paul Giventer, have both filed cross-appeals.

## STATEMENT OF FACTS

This case presents an unfortunate set of circumstances surrounding Giventer, a 91-year-old widow with Alzheimer's and dementia who exhibits symptoms of cognitive decline and impairment, and two of her adult children at odds over Giventer's estate.

Giventer has had a temporary guardian and conservator since July 2010. On December 3, 2010, pursuant to an agreement among the parties, the county court found that Giventer had a sufficient level of incapacity to warrant appointment of a permanent guardian and conservator, and William G. Stevens was appointed as her permanent guardian. Wells Fargo was appointed as conservator "until a hearing is held on said matter."

One month later, on January 3, 2011, Giventer executed a client noncontingent fee agreement with her current attorneys, Edward Fogarty and John Gross. The client noncontingent fee agreement set forth that Fogarty and Gross were hired to provide legal services to Giventer in the following matters: "PR10-1026, estate, guardianship and family/financial and conservatorship, recoupment of money ($250k?) will start appeal, defer pushing." That same day, Fogarty and Gross filed an appeal on Giventer's behalf, jointly with Giventer's daughter, Lebowitz, challenging the validity of the guardianship and conservatorship that had been entered on December 3, 2010. That appeal, which was docketed in our court at case No. A-11-039, was dismissed in May 2011 for being premature. Giventer and Lebowitz have not pursued that appeal, and in her brief, Giventer admits that she and Lebowitz have abandoned any appeal of the December 3, 2010, order finding her incapacitated. In February 2011, Mark J. Malousek replaced Stevens as Giventer's permanent guardian.

*Facts Relating to Case No. A-11-806.*

On January 7, 2011, Giventer's son, Paul, filed a motion challenging the authority of Fogarty and Gross to act as attorneys for Giventer. Giventer filed a response with attachments consisting of her retainer contract and affidavits by Giventer and Fogarty.

On June 23, 2011, the county court entered an order granting Paul's motion challenging Fogarty and Gross' authority to act as attorneys for Giventer, finding that their representation of Giventer was limited to "the sole purpose of challenging the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward." In this order, the county court also denied a pending motion to alter or amend filed by Lebowitz which sought, inter alia, to remove or terminate Wells Fargo as conservator.

In response, on June 30, 2011, Giventer filed a motion for ad hoc orders enabling her to fight attorney fees and costs in which she requested that the county court enter a formal order confirming her right to object to the fees and costs being sought. Giventer argued that the power to fight fees was "a term of the guardianship" and that her guardian had refused to fight fees, preferring to remain neutral. That same day, Giventer also moved for a new trial and/or rehearing or clarification on the basis that the county court had abruptly terminated the hearings on the lawyer authority issue without allowing Fogarty and Gross to address the areas in which Giventer needed her own counsel and without allowing Giventer to present evidence. On August

25, the county court denied the motions for new trial and/or rehearing or clarification and the motion for ad hoc orders enabling Giventer to fight fees. On September 16, Giventer timely appealed from the August 25 county court order, and the appeal was assigned Court of Appeals case No. A-11-806.

*Facts Relating to Case No. A-11-974.*

In September 2011, Wells Fargo, Giventer's conservator and trustee, filed an annual accounting and statement of assets beginning July 20, 2010, and ending July 31, 2011, along with an application to approve the accounting. Wells Fargo also sought authorization to approve the conservator's attorney fees for the time period of April 1 to July 31 in the amount of $9,437.50 and costs of $340.81. Giventer responded, objecting to the annual accounting and fee request, alleging that the county court lacked jurisdiction due to the appeal found at case No. A-11-806 in which the issue of attorney fees was raised; the fees were unreasonable, excessive, and unlawful; the accounting is incomplete because transactions and activity on the trust were not included; and the conservator and trustee refused to send Giventer's attorneys the periodic report of the trust's activities. A hearing thereon was held on October 20. Lebowitz did not file an objection, nor did she or her attorney attend the hearing. No evidence was received at the October 20 hearing.

On October 26, 2011, the county court entered an order granting an oral motion by Wells Fargo to strike Giventer's response to Wells Fargo's application to approve the annual accounting and fees. After taking judicial notice of the court's prior order dated June 23, 2011, the court struck Giventer's response because it did not challenge the guardianship, the terms of the guardianship, or the actions of the guardian. That same date, the county court entered an order finding that the annual accounting was true and correct and thereby approving it and authorizing payment of the attorney fees and costs requested. Fogarty and Gross filed an appeal on November 1, 2011, and the appeal has been docketed at case No. A-11-974.

## ASSIGNMENTS OF ERROR

Giventer makes the following assignments of error, summarized and restated, on appeal: The county court erred in approving Wells Fargo's accounting and application for fees and costs, in limiting her right to an attorney, in failing to remove Wells Fargo as conservator and trustee, in failing to grant her motion to fight attorney fees, and in various evidentiary rulings.

Paul has filed a cross-appeal alleging that the county court erred in its June 23, 2011, order by failing to disqualify Fogarty and Gross from representing Giventer in the guardianship and conservatorship proceeding.

Lebowitz has filed a cross-appeal contending that the county court erred in approving the annual conservatorship accounting and attorney fees, in depriving Giventer of her right to her own attorney, in failing to remove Wells Fargo as conservator and trustee, in approving attorney fees and costs without proof that they were necessary or reasonable, and in approving fees to which Giventer objected even if the guardian did not object.

## STANDARD OF REVIEW

Guardianship and conservatorship proceedings are reviewed for error appearing on the record. *In re Conservatorship of Gibilisco*, 277 Neb. 465, 763 N.W.2d 71 (2009). The inquiry is

whether the order conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Statutory interpretation presents a question of law. *Moyera v. Quality Pork Internat.*, 284 Neb. 963, 825 N.W.2d 409 (2013). An appellate court independently reviews questions of law decided by a lower court. *Id.*

ANALYSIS

*Giventer's Appeal.*

Giventer has alleged numerous assignments of error, including that the county court erred in approving Wells Fargo's accounting and application for fees and costs, in failing to remove Wells Fargo as conservator and trustee, in failing to grant her motion to fight attorney fees, and in various evidentiary rulings. However, the more crucial issue is Giventer's claim that the county court has limited her right to an attorney and denied her an opportunity to present her case in support of her retainer contract, legal needs, and choice of attorneys. Giventer argues that the county court's order limiting Fogarty and Gross' representation to challenging the guardianship, the terms of the guardianship, or the actions of the guardian on her behalf, "deprived and/or unlawfully interfered with her right to an attorney she [had] contracted with to advise her on conservatorship matters, family matters, will[-]making matters, estate matters, protesting fees, and . . . other legal needs she has." Brief for appellant in case No. A-11-806 at 2. We specifically note that Giventer has not asserted that § 30-2620 was unconstitutional.

Section 30-2620(9) provides, in part, "[a]fter appointment, the ward may retain an attorney for the sole purpose of challenging the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward." This statute was amended in 2011; following the amendment, the quoted language remained unchanged but was moved to subsection (b) of the same statute. See § 30-2620(b) (Cum. Supp. 2012).

> When a person [has been] adjudicated incompetent . . . "[t]he necessary effect . . . is that the ward is in law . . . incapable of taking care of himself, as to all the world." . . . The permanent guardian stands in the place of the ward in making decisions about the ward's well-being, and the guardian is held to high standards of fidelity in exercising this authority for the ward's benefit.

*In re Guardianship of Hocker*, 439 Mass. 709, 714, 791 N.E.2d 302, 307 (2003). See, also, *In re Disciplinary Action Against Kuhn*, 785 N.W.2d 195 (N.D. 2010) (where North Dakota Supreme Court suspended lawyer from practice of law for drafting new will for incapacitated ward without first communicating with ward's guardian where attorney knew of ward's incapacity).

Although Giventer argues that the court's order has limited her right to an attorney, the court's order does not deprive her of the ability to retain independent counsel. Pursuant to § 30-2620, a ward may retain independent counsel for the purposes set forth in the statute. Further, the county court's order did not affect Giventer's statutory or due process rights of access to the courts as the guardian retains authority to make decisions on Giventer's behalf and Giventer remains free to challenge the guardianship or its terms or the guardian's actions on her behalf.

In sum, the county court appropriately determined that Fogarty and Gross' representation of Giventer was limited in scope to challenging the guardianship, the terms of the guardianship,

or the actions of the guardian on behalf of the ward pursuant to § 30-2620. Further, because the issues raised by Fogarty and Gross do not address any of those statutorily authorized challenges, there exists no statutory authority for their intervention in these proceedings. As a result, we decline to address the remaining assignments of error raised in Giventer's briefs on appeal.

*Paul's Cross-Appeal.*

Paul's cross-appeal alleges that the county court erred in its June 23, 2011, order by failing to disqualify Fogarty and Gross from representing Giventer in the guardianship and conservatorship proceeding. As we previously noted in this opinion, § 30-2620 specifically provides for a ward to retain an attorney for the sole purpose of challenging the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward. Further, Paul contends that Fogarty and Gross should be disqualified from representing Giventer because they had represented, or were representing, an adverse party, i.e., Lebowitz. Paul directs this court to the January 3, 2011, filing of the joint notice of appeal as evidence of a conflict of interest. We note that, although the notice of appeal was filed jointly by Giventer and Lebowitz, the notice was signed by Fogarty on behalf of Giventer and was signed by W. Patrick Betterman on behalf of Lebowitz. Thus, the record does not support Paul's claim that Fogarty and Gross have represented or are representing Lebowitz.

Finally, we address Paul's claim that Fogarty and Gross could not enter into an agreement with Giventer because she was unable to give informed consent and they did not obtain the consent of Giventer's guardian and/or conservator prior to undertaking representation of her. See Neb. Ct. R. of Prof. Cond. § 3-501.14, comment 4 (comment to section entitled "Client with diminished capacity" states that "[i]f a legal representative has already been appointed for the client, the lawyer should ordinarily look to the representative for decisions on behalf of the client"). However, § 30-2620 does not provide that consent from the ward's guardian or conservator must be obtained prior to the ward's retaining an attorney for the limited purposes set forth therein. For these reasons, we reject Paul's assignment of error.

*Lebowitz' Cross-Appeal.*

Lebowitz has filed a cross-appeal contending that the county court erred in depriving Giventer of her right to her own attorney. Having addressed this issue previously in this opinion and finding it to be without merit, we likewise reject Lebowitz' assigned error.

Lebowitz also assigns as error, consolidated and restated, that the county court erred in approving the annual conservatorship accounting and attorney fees and in failing to remove Wells Fargo as conservator and trustee. We note that although Lebowitz contends on appeal that the county court erred in failing to remove Wells Fargo as trustee, the removal of Wells Fargo as trustee was not raised before the county court; rather, Lebowitz sought to remove Wells Fargo as conservator and that request was denied. Since the issue of removing Wells Fargo as trustee was not before the county court, it could not commit error in failing to rule on this issue. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).

Good cause for removal of a conservator exists (1) when removal would be in the best interests of the protected person's estate, (2) if the conservator or the person seeking his or her

appointment intentionally misrepresented material facts in the proceeding leading up to the appointment, (3) if the conservator has disregarded an order of the court, (4) if the conservator has become incapable of discharging the duties of the office, (5) if the conservator has mismanaged the estate, or (6) if the conservator has failed to perform any duty pertaining to the office. *In re Conservatorship of Estate of Marsh*, 5 Neb. App. 899, 566 N.W.2d 783 (1997).

Lebowitz contends that Wells Fargo should be removed based upon the first, fifth, and sixth factors set forth in *Marsh, supra*. In her brief, she references the transcript to provide examples of instances where Wells Fargo has failed in its duties, but she does not cite to any evidence contained in the bill of exceptions. Under the system prevailing in Nebraska, the bill of exceptions is used to present factual evidence to an appellate court, and the transcript is used to present pleadings and orders of the case to the appellate court. *City of Lincoln v. Nebraska Pub. Power Dist.*, 9 Neb. App. 465, 614 N.W.2d 359 (2000). Appellate courts cannot rely upon information in the transcript to establish facts, even a stipulation of facts. *Id*. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Bedore v. Ranch Oil Co.*, 282 Neb. 553, 805 N.W.2d 68 (2011).

Lebowitz has not identified any portions of the lengthy bill of exceptions to support her claim that Wells Fargo should be removed as conservator. It is not the function of an appellate court to scour the record looking for evidence to support errors assigned by the parties. See *Genthon v. Kratville*, 270 Neb. 74, 701 N.W.2d 334 (2005). Since Lebowitz has not identified any evidence contained within the bill of exceptions supporting her argument that Wells Fargo should be removed as conservator, we reject this assignment of error.

Finally, we address Lebowitz' claim that the county court erred in approving the annual conservatorship accounting and attorney fees. Our review of the record in this case reveals that although Lebowitz had notice of the request for approval of the accounting and attorney fees, she did not file a written objection, nor did she or her attorney attend the hearing. Thus, the only objection to the annual conservatorship accounting and request for attorney fees was filed by Giventer's attorneys, Fogarty and Gross, who we have determined were limited in their representation of Giventer pursuant to § 30-2620, which specifically provides for a ward to retain an attorney for the sole purpose of challenging the guardianship, the terms of the guardianship, or the actions of the guardian on behalf of the ward. Because the objections posed by Fogarty and Gross did not fall within the limits of the scope of representation allowed by § 30-2620, there were no valid written objections filed to the accounting and request for attorney fees, nor were there any oral objections made at the hearing thereon.

The failure to make a timely objection waives the right to assert prejudicial error on appeal. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012). Since there was no objection to either the accounting or the attorney fees before the county court, this issue has been waived. However, in our review of the record during our consideration of this appeal, we reviewed the record of the October 20, 2011, hearing on Wells Fargo's motion to approve the annual accounting and fees, and noted that Wells Fargo offered no testimony or evidence in support of its request for attorney fees. An appellate court's standard of review of probate cases, in the absence of an equity question, is whether the decision conforms to the law, is supported by

competent evidence, and is neither arbitrary, capricious, nor unreasonable. *In re Conservatorship of Gibilisco*, 277 Neb. 465, 763 N.W.2d 71 (2009).

In *In re Trust of Rosenberg*, 269 Neb. 310, 693 N.W.2d 500 (2005), the Nebraska Supreme Court considered a case wherein the county court approved the payment of attorney and trustee fees and costs. Finding that there had been no witness testimony and essentially no evidence adduced to support the trustee's request for fees and costs, the court vacated the award of fees as not supported by competent evidence and remanded the matter with directions to hold an evidentiary hearing. Similarly, in *In re Trust of Crawford*, 20 Neb. App. 502, 826 N.W.2d 284 (2013), this court vacated an award of accounting fees, finding the award was not supported by competent evidence where no witnesses testified and no evidence was received to support payment of the fees.

In the instant case, at the October 20, 2011, hearing on Wells Fargo's motion to approve the annual accounting and attorney fees, Wells Fargo offered no testimony or evidence in support of its request for attorney fees. There was no evidence presented to the county court regarding the per hour charges of Wells Fargo's attorneys, the amount of time spent for which charges were submitted, and no documentation regarding the services provided for which fees were sought. Because no evidence was received in support of the request for attorney fees, the court's order awarding attorney fees and costs was not supported by competent evidence. Likewise, there was no evidence adduced in support of Wells Fargo's motion to approve the accounting--not even a copy of the accounting was submitted into evidence. Therefore, we vacate the portion of the court's order approving the accounting and attorney fees and remand the matter to the county court with directions to hold an evidentiary hearing.

## CONCLUSION

Because the issues raised by Fogarty and Gross do not fall within the challenges allowed by statute, there exists no statutory authority for their intervention in these proceedings, and we decline to address their assigned errors. We further reject the issue raised by Paul's cross-appeal. We find that the issues raised by Lebowitz' cross-appeal are either waived or without merit; however, because the county court's order awarded attorney fees and approval of the accounting, but such awards were not supported by competent evidence, we vacate the award of attorney fees and the approval of the accounting and remand the matter to the county court with directions to hold an evidentiary hearing.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.