McCook National Bank, a national banking corporation, appellee, v. Daylene Bennett, Personal Representative of the Estate of Joseph Edd Case, also known as Edd Case, appellant.

537 N.W.2d 353

Filed September 22, 1995.   No. S-93-1079.

Daylene A. Bennett, pro se.

Stanley C. Goodwin, of Colfer, Wood, Goodwin and Lyons, for appellee.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Lanphier, J.

McCook National Bank (Bank) obtained a judgment lien on

real estate owned by Edd Case at the time of his death. The Bank and Daylene Bennett, the personal representative of Case's estate (Personal Representative), disputed whether the Bank could proceed to execute on that real estate. The Personal Representative claimed that the Bank was required to file a claim in the probate proceedings. The real estate was sold by the Personal Representative, and the proceeds were deposited with the clerk of the district court for Hitchcock County subject to the outcome of these proceedings.

Following a bench trial before the district court, the district court clerk was ordered to dispense the proceeds, plus interest, to the Bank, the judgment lienholder. The Personal Representative appealed to the Nebraska Court of Appeals, and pursuant to our authority to regulate the caseloads of lower courts, we removed the case to our docket. Finding no merit in any of the assignments of error, we affirm the holding of the trial court.

## BACKGROUND

The Bank secured a judgment against Case on January 30, 1989, in the amount of $207,603.12, plus interest. The judgment lien attached any real estate owned by Case in Hitchcock County by operation of law. See Neb. Rev. Stat. § 25-1504 (Reissue 1989). Case died on December 19, 1991, before the satisfaction of the judgment. Case had an interest in the real property in Hitchcock County at the time of his death. After Case's death, the action was revived against his Personal Representative.

The Bank did not make a claim in the probate proceedings pursuant to the Nebraska Probate Code. See Neb. Rev. Stat. § 30-2485 (Cum. Supp. 1994). The Personal Representative argues that enforcement of the lien is therefore barred by the nonclaims statute. The value of the real property was assessed at $34,053. The Personal Representative requested and received court authority and sold the real property for a fair and reasonable price. The Personal Representative and the Bank agreed that the Bank would release its judgment lien against the subject real property with the proceeds from the sale to be deposited with the clerk of the district court for Hitchcock

County. The parties stipulated that the Bank's judgment lien, if any, would continue on the proceeds pending further court order.

## ASSIGNMENTS OF ERROR

The Personal Representative asserts that the trial court erred in (1) determining that the Nebraska Probate Code was not applicable and controlling in this matter, (2) ordering the proceeds held by the clerk of the district court to be paid directly to the Bank rather than finding the proceeds assets of the estate to be administered pursuant to the Nebraska Probate Code, (3) not finding that the Bank was required to comply with § 30-2485 and Neb. Rev. Stat. § 30-2486 (Reissue 1989) of the Nebraska Probate Code, and (4) not determining that Neb. Rev. Stat. § 30-2487 (Reissue 1989) of the Nebraska Probate Code was controlling when a decedent's estate is insolvent.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Eggers v. Rittscher*, 247 Neb. 648, 529 N.W.2d 741 (1995); *Dolan v. Svitak*, 247 Neb. 410, 527 N.W.2d 621 (1995); *Hausse v. Kimmey*, 247 Neb. 23, 524 N.W.2d 567 (1994).

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Lincoln Lumber Co. v. Fowler, ante* p. 221, 533 N.W.2d 898 (1995); *First Westside Bank v. For-Med, Inc.*, 247 Neb. 641, 529 N.W.2d 66 (1995); *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995).

## ANALYSIS

The dispositive issue in this case is whether the Bank's judgment lien on the proceeds from the sale is a claim on the estate and subject to the provisions of the Nebraska Probate Code. The Nebraska Legislature addressed this issue in the following sections of the Nebraska Probate Code: § 30-2485(c)(1) and Neb. Rev. Stat. §§ 30-2494, 30-2209(4), and 30-2496 (Reissue 1989).

In settling upon the meaning of a statute, an appellate court

must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *George Rose & Sons v. Nebraska Dept. of Revenue, ante* p. 92, 532 N.W.2d 18 (1995); *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995); *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994).

In determining the meaning of a statute, an appellate court may conjunctively consider and construe a collection of statutes which pertain to a certain subject matter to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Anderson v. Nashua Corp., supra*; *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Metropolitan Life Ins. Co. v. Kissinger Farms*, 244 Neb. 620, 508 N.W.2d 568 (1993).

The Nebraska Probate Code addresses liens in three sections, in the context of the probate code's restrictions on claims. Two sections explicitly exempt liens from the effects of being a claim under the Nebraska Probate Code. The first section discussed is the nonclaims statute.

## NONCLAIMS STATUTE

Judgment liens are not a liability of the estate within the definition of claims. The Nebraska Probate Code specifically excludes liens from claims. The first instance where liens are explicitly exempt is the nonclaims statute, § 30-2485, which states:

(a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

. . . .
(c) *Nothing in this section affects or prevents:*
(1) *Any proceeding to enforce any mortgage, pledge, or other lien upon property of the estate*[.]
(Emphasis supplied.)

The provisions of the Nebraska Probate Code explicitly exempt liens from the definition of both a claim and a liability. A judgment lien is not a claim and is not subject to the provisions of the Nebraska Probate Code.

The Legislature apparently intended to define all liabilities, of which a personal representative may not be aware, as claims governed by the Nebraska Probate Code in order to facilitate efficient administration of an estate. In *In re Estate of Feuerhelm*, 215 Neb. 872, 874-75, 341 N.W.2d 342, 344 (1983), we stated:

> The purpose of the nonclaim statute, § 30-2485, is facilitation and expedition of proceedings for distribution of a decedent's estate, including an early appraisal of the respective rights of interested persons and prompt settlement of demands against the estate. As a result of the nonclaim statute, the probate court or the personal representative can readily ascertain the nature and extent of the decedent's debts, determine whether any sale of property is necessary to satisfy a decedent's debts, and project a probable time at which the decedent's estate will be ready for distribution.

A secured judgment lien poses no threat to the efficient administration of the estate. Its existence is public record.

## § 30-2494

The second section that explicitly excludes liens is § 30-2494, which states:

> No execution may issue upon nor may any levy be made against any property of the estate under any judgment against a decedent or a personal representative, *but this section shall not be construed to prevent the enforcement of mortgages, pledges or other liens existing at the time of death upon real or personal property in an appropriate proceeding.*

(Emphasis supplied.)

The statute uses lien in the broadest sense of the word because the definition does not modify the term "lien" with any adjectives. A judgment lien against the decedent in existence prior to the death of the decedent also falls within this exclusion of the Nebraska Probate Code.

## Lien v. Liability—§ 30-2209(4)

The Personal Representative argues that a lien is a claim as defined by § 30-2209(4). However, the Nebraska Probate Code exempts liens in § 30-2209 because a lien by definition is not a liability as that term is used in the definition of claims. Section 30-2209(4) states:

> Claims, in respect to estates of decedents and protected persons, includes *liabilities* of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. The term does not include estate or inheritance taxes, demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.

(Emphasis supplied.)

The judgment is not a liability as that term is used in § 30-2209(4). A lien is a "claim, encumbrance, or charge on property for payment of some debt, obligation or duty." Black's Law Dictionary 922 (6th ed. 1990). A liability is "all character of debts and obligations." Black's Law Dictionary 914 (6th ed. 1990). A lien is security for a liability. It is not the liability itself. The judgment lien in this case was not a liability of the estate.

A personal representative has discretion to satisfy an encumbrance immediately if it is in the best interests of the estate. Section 30-2496 states:

> If any assets of the estate are encumbered by mortgage, pledge, lien, or other security interest, the personal representative may pay the encumbrance or any part thereof, renew or extend any obligation secured by the

encumbrance or convey or transfer the assets to the creditor in satisfaction of his lien, in whole or in part, whether or not the holder of the encumbrance has filed a claim, if it appears to be for the best interest of the estate. Payment of an encumbrance does not increase the share of the distributee entitled to the encumbered assets unless the distributee is entitled to exoneration.

The Legislature clearly exempted attached judicial liens from the definition of a claim. The Bank, as the judgment debtor, was free to proceed in the district court without filing a claim in the probate proceedings. The obvious purpose of the nonclaims statute and other such provisions is to allow for a quick and effective distribution of the probate estate. The primary purpose is to quiet the estate and bar future suits from unsecured creditors. A judicial lienholder obviously satisfies the purposes of the nonclaims statute. The debt is known, settled, and secured by the laws of the state. It should already be taken into account by the time probate administration is commenced. The judgment lien held by the Bank is not a claim under the Nebraska Probate Code.

## CONCLUSION

The judgment below is affirmed.

AFFIRMED.