Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/19/2021 09:07 AM CST

- 338 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

In re Estate of Neil S.
Stretesky, deceased.
Michael Hutchinson et al., appellees,
v. The William Stretesky
Foundation, appellant.

___ N.W.2d ___

Filed January 12, 2021.    No. A-19-1077.

1. **Decedents' Estates: Appeal and Error.** An appeal from the county
   court's allowance or disallowance of a claim in probate will be heard as
   an appeal from an action at law.
2. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing
   questions of law in a probate matter, an appellate court reaches a conclu-
   sion independent of the determination reached by the court below.
3. **Judgments: Issue Preclusion.** Issue preclusion applies where (1) an
   identical issue was decided in a prior action, (2) the prior action resulted
   in a final judgment on the merits, (3) the party against whom the doc-
   trine is to be applied was a party or was in privity with a party to the
   prior action, and (4) there was an opportunity to fully and fairly litigate
   the issue in the prior action.
4. **Courts: Jurisdiction.** County courts are statutorily created courts which
   possess limited jurisdiction.
5. **Courts: Jurisdiction: Legislature.** County courts can acquire jurisdic-
   tion only through a specific legislative mandate as a result of legisla-
   tive enactment.

Appeal from the County Court for Deuel County: Randin
R. Roland, Judge. Affirmed.

R. Kevin O'Donnell, of Law Office of R. Kevin O'Donnell,
P.C., L.L.O., for appellant.

- 339 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

Brock D. Wurl, of Paloucek, Herman & Wurl Law Offices, and Randy C. Fair, of Dudden & Fair, P.C., L.L.O., for appellees.

Pirtle, Chief Judge, and Moore and Riedmann, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

The William Stretesky Foundation (the Foundation) appeals from an order of the Deuel County Court which determined that the Foundation did not have a lien against Neil S. Stretesky's property at the time of his death and therefore denied the Foundation's petition for enforcement of claim to collect its judgment against Stretesky's estate. Based on the reasons that follow, we affirm.

## BACKGROUND

In December 2014, the Foundation filed a complaint for restitution of premises in Deuel County Court against Stretesky, who was a tenant on certain real property owned by the Foundation. In January 2015, the county court entered an order in favor of the Foundation, ordering Stretesky to vacate the property. The issue of damages was to be determined at a later date. Prior to the determination of damages, the matter was moved to the district court for Deuel County (case No. CI 15-004) because the requested damages exceeded the statutory monetary jurisdiction of the county court.

On December 3, 2015, Stretesky was shot and killed by law enforcement after he shot Deuel County Deputy Sheriff Michael Hutchinson. On December 8, the Foundation filed a motion for revivor and suggestion of death, asking that the action be revived against the personal representative of Stretesky's estate. The district court entered an order of revivor substituting the personal representative as defendant in place of Stretesky.

On February 11, 2016, the Foundation filed a statement of claim in the county court against Stretesky's estate (case No. PR 15-010), which stated that damages would be determined in case No. CI 15-004 in district court.

- 340 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

On March 18, 2016, following a trial to determine damages arising out of the Foundation's December 2014 complaint, the district court entered an order in case No. CI 15-004. It divided stored grain between the Foundation and Stretesky, as set forth in the lease, and awarded the Foundation damages for expenses it had paid that should have been paid by Stretesky under the lease agreement. The district court awarded Stretesky crop insurance proceeds that were being held by the Ray Insurance Agency, an agent for Heartland Crop Insurance. It noted that the Foundation had sought a lien against this interest of Stretesky to preserve its ability to recover any judgment entered against Stretesky. In regard to the Foundation's request for a lien against the crop insurance proceeds, the district court stated:

As to the proceeds of the crop insurance payoff being held by the Ray [Insurance] Agency, the entry of this Order may create a judgment lien and [the Foundation] may pursue the same as it sees fit. . . .

. . . .

The Court further finds that the entry of this judgment may create a judgment lien for the benefit of [the Foundation], but it shall be [the Foundation's] responsibility to pursue attachment of personal property and execution of this judgment as it sees fit.

The district court subsequently entered an amended order altering the amount of damages awarded for one specific item. All other provisions in the March 18, 2016, order were to remain in full force and effect. The Foundation obtained a judgment in the amount of $53,816.01.

On July 25, 2016, the Foundation filed a partial satisfaction of judgment in case No. CI 15-004 after it received a check in the amount of $23,468.10 for stored grain. It stated that Stretesky still owed it the balance of the judgment in the amount of $30,347.91 plus interest.

On December 6, 2018, the court entered an order allowing Heartland Crop Insurance to deposit crop insurance

- 341 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

proceeds in the sum of $43,788 with the clerk of the Deuel County Court and discharged Heartland Crop Insurance from any further responsibility.

On August 30, 2019, the Foundation filed a petition for enforcement of claim against Stretesky's estate, asking the county court to allow it to enforce its lien and satisfy the lien balance of $30,347.91 out of the crop insurance proceeds previously deposited with the county court by Heartland Crop Insurance.

Hutchinson filed an objection to the Foundation's petition for enforcement of claim and his own petition for enforcement of claim. He objected to the court's ordering disbursement of any funds in the estate until all parties having a claim had been heard, arguing that he was entitled to have his damages resulting from injuries caused by Stretesky paid by Stretesky's estate.

On October 24, 2019, the county court denied the Foundation's petition for enforcement of claim. The county court concluded that although the Foundation had litigation pending against Stretesky at the time of his death, it did not have a judgment or a lien against Stretesky's property at the time of his death.

## ASSIGNMENTS OF ERROR

The Foundation assigns that (1) the county court erred in its interpretation of *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); (2) the Deuel County District Court's award of a judgment and a judgment lien to the Foundation in case No. CI 15-004 precluded the Deuel County Court in the present case from making any findings in regard to the existence of a judgment lien; (3) the county court lacked subject matter jurisdiction with regard to the application of judgment liens because of issue preclusion; and (4) the county court lacked subject matter jurisdiction with regard to judgment liens, because there is no specific legislative mandate granting such powers to county courts.

## STANDARD OF REVIEW

[1] An appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law. *In re Trust of Margie E. Cook*, 28 Neb. App. 624, 947 N.W.2d 870 (2020).

[2] When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *In re Estate of Odenreider*, 286 Neb. 480, 837 N.W.2d 756 (2013).

## ANALYSIS

McCook Nat. Bank *Opinion.*

The Foundation first argues that the court misinterpreted the Nebraska Supreme Court's findings in *McCook Nat. Bank, supra*, in considering the Foundation's claim. The Foundation argued that *McCook Nat. Bank* supported its argument that it held a lien against the crop insurance proceeds and that such lien should be enforced outside of probate proceedings. The county court did not agree.

In *McCook Nat. Bank, supra*, the bank obtained a judgment against Edd Case and a judgment lien attached to real estate owned by Case in Hitchcock County by operation of law. Case died before satisfaction of the judgment. After Case's death, the action was revived against his personal representative. The bank sought to enforce the judgment lien against proceeds from the sale of real estate Case owned at the time of his death. The bank did not make a claim in the probate proceedings pursuant to the Nebraska Probate Code. The district court ordered proceeds from the sale of real estate disbursed to the bank, the judgment lienholder. The personal representative appealed, arguing that because the bank did not make a claim in the probate proceedings, enforcement of the lien was barred.

The Supreme Court affirmed the district court's order, holding that the provisions of the Nebraska Probate Code explicitly exempt liens from the definition of both a claim and

- 343 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

a liability. *McCook Nat. Bank, supra*. It further held that a judgment lien is not a claim and not subject to the provisions of the Nebraska Probate Code. *McCook Nat. Bank, supra*. The court therefore concluded that the judgment lien held by the bank was not a claim under the Nebraska Probate Code and that the bank, as the judgment debtor, was free to proceed in the district court without filing a claim in the probate proceedings. *McCook Nat. Bank, supra*.

In the present case, the county court determined that this case was distinguishable from *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995), because the Foundation did not have a judgment or judgment lien against Stretesky prior to his death. The Foundation had litigation pending against Stretesky at the time of his death, but the Foundation did not obtain its judgment until after his death. Conversely, in *McCook Nat. Bank*, the bank obtained a judgment against Case when he was alive and he died before the bank was able to satisfy its judgment lien.

The county court also relied on Neb. Rev. Stat. § 30-2494 (Reissue 2016), one of the provisions of the Nebraska Probate Code discussed in *McCook Nat. Bank* that explicitly excludes liens. Section 30-2494 provides:

> No execution may issue upon nor may any levy be made against any property of the estate under any judgment against a decedent or a personal representative, *but this section shall not be construed to prevent the enforcement of mortgages, pledges or other liens existing at the time of death upon real or personal property in an appropriate proceeding*.

(Emphasis supplied.)

The court in *McCook Nat. Bank v. Bennett, supra*, stated that based on § 30-2494, a judgment lien against the decedent in existence prior to the death of the decedent also falls within the exclusion of the Nebraska Probate Code. Section 30-2494, however, allows for the enforcement of judgment liens existing at the time of death in other proceedings outside the probate proceedings.

- 344 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

When Stretesky died on December 3, 2015, the Foundation did not have a judgment against him and, therefore, no judgment lien against the crop insurance proceeds or any property of Stretesky's. Because the Foundation did not have a judgment lien that existed prior to Stretesky's death, it cannot enforce a judgment lien outside of probate proceedings. We conclude that the county court did not misinterpret *McCook Nat. Bank, supra*. The present case is factually different and is easily distinguished.

*Issue Preclusion.*

[3] In its second and third assignments of error, the Foundation argues that the county court erred in making a finding regarding the existence of a lien, because the district court in case No. CI 15-004 had already made the determination that a lien did exist. It contends "the matter of judgment and a judgment lien had been predetermined by the District Court and should have been upheld by the County Court in [the Foundation's] Petition for Enforcement of the Lien." Brief for appellant at 14. In other words, the Foundation argues that issue preclusion applies in this scenario. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Jordan v. LSF8 Master Participation Trust*, 300 Neb. 523, 915 N.W.2d 399 (2018). We need not go any further than the first step before concluding that issue preclusion is not applicable here. The issue of whether the Foundation had a lien against Stretesky's property was not decided by the district court. The district court determined only that the entry of the judgment in favor of the Foundation "may create a judgment lien for the benefit of [the Foundation], but it shall be [the Foundation's] responsibility to pursue attachment of personal property and execution of this judgment

- 345 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE ESTATE OF STRETESKY
Cite as 29 Neb. App. 338

as it sees fit." It did not decide that the Foundation had a judgment lien. Accordingly, we conclude that the Foundation's second and third assignments of error fail.

*Subject Matter Jurisdiction.*

[4,5] The Foundation assigns that the county court lacked subject matter jurisdiction with regard to judgment liens, because there is no specific legislative mandate granting such powers to county courts. Relying on *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016), the Foundation points out that county courts are statutorily created courts which possess limited jurisdiction. County courts can acquire jurisdiction only through a specific legislative mandate as a result of legislative enactment. *Id.* The Foundation argues that there are no statutes that specifically enumerate the right of county courts to rule on judgment liens. It suggests that the argument can be made that because *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995), specifically excluded judgment liens from the Nebraska Probate Code application, county courts are therefore excluded from making any determinations regarding judgment liens.

We conclude that the county court had subject matter jurisdiction to determine that no lien existed prior to Stretesky's death and to enter its October 24, 2019, order denying the Foundation's petition for enforcement of claim. Neb. Rev. Stat. § 24-517(1) (Reissue 2016) gives county courts exclusive original jurisdiction of all matters relating to decedents' estates. This is a matter relating to Stretesky's estate. This final assignment of error fails.

## CONCLUSION

For the reasons stated above, we affirm the county court's order denying the Foundation's petition for enforcement of claim.

AFFIRMED.